HENRY H. GAGE

*v.*

CHRISTIAN C. BUSSE *et al.*

*Filed at Ottawa March 28, 1882.*

1. TAX SALE—*judgment in excess of proper amount—redemption by owner.* If a judgment against land for taxes may be inquired into on bill in chancery, and it may be shown that part of the taxes included in the judgment is illegal, the owner should be allowed to redeem from the sale by paying the

redemption money allowed by the statute had the judgment and sale been for the proper amount of taxes.

2. COSTS—*on bill to set aside tax sale.* Where a lot owner knows of an application for judgment against his lot for taxes, fails to pay the taxes properly assessed, and lies by and permits judgment for the taxes, embracing an erroneous tax, to be entered, and permits another in good faith to purchase on the faith of the judgment, and not offering before suit to pay the redemption money necessary had the erroneous taxes been omitted, it is not proper, on bill filed to set aside the sale, to require the purchaser to pay the costs.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Certain lots in Chicago, owned by appellees, were sold for taxes for the year 1875, at a sale made in October, 1876, under a judgment of the county court, upon due notice, as required by the statute. The owners did not appear or interpose any objections to the rendering of such judgment. The certificate of sale was duly made, and afterwards was assigned to the appellant, who paid all taxes assessed and levied upon these lots after the taxes for 1875.

This is a suit in chancery, brought by appellees, to set aside this tax sale, and enjoin the issue of a tax deed to the appellant. The bill was filed October 10, 1878,—a short time before the expiration of the time allowed by statute for redemption from such sales. The sale of each half of one of the lots (lot 13, block 16, Wolcott's addition to Chicago,) was for $144.09, embracing as a portion thereof certain city taxes which were not lawful charges upon the property. The amount for which the sale was made, consisted of $143.69 for taxes, and forty cents costs. The portion of this tax which was unauthorized by law, but was embraced in the judgment and in the sale, was about $39.18. Complainants offered to refund or pay to appellant the amount of lawful taxes embraced in the judgment, and all subsequent taxes paid by him, with six per cent interest. On final hear-

38—102 ILL.

ing the relief sought was granted, on the terms stated. This decree, on appeal, was affirmed in the Appellate Court. Gage appeals to this court.

Mr. AUGUSTUS N. GAGE, and Mr. F. H. KALES, for the appellant:

The rule of *res judicata* applies to a judgment for taxes the same as to any other, and such judgment can not be attacked collaterally. *Chestnut* v. *Marsh,* 12 Ill. 173; *Mayo* v. *Ah Loy,* 32 Cal. 479; *Porter* v. *Purdy,* 29 N. Y. 106; *People* v. *Brislin,* 80 Ill. 423; *Chicago and Northwestern R. R. Co.* v. *People,* 83 Ill. 467; *Andrews* v. *People,* 84 Ill. 28; *Graceland Cemetery Co.* v. *People,* 92 Ill. 619; *Griffith* v. *Bogart,* 18 How. 158; *Gray* v. *Brignardello,* 1 Wall. 627.

As to the binding force and conclusiveness of judgments *in rem,* see Starkie on Evidence, sec. 380; *Crandson* v. *Leonard,* 4 Cranch, 434; *Galston* v. *Hoyt,* 13 Johns. 561; 3 Wheat. 246; *Graceland Cemetery Co.* v. *People,* 92 Ill. 619; *McCahil* v. *Insurance Co.* 26 N. J. Eq. 531; *Monroe* v. *Douglas,* 4 Sandf. Ch. 134; *People* v. *Brislin,* 80 Ill. 423; *Lehmer* v. *People,* 80 id. 601; *Prout* v. *People,* 83 id. 154.

If the county court had the right to proceed and render judgment for any amount of the taxes claimed, its judgment can not be attacked collaterally for error in giving it for too much. *Law* v. *People,* 87 Ill. 385.

Mr. EDWARD G. MASON, and Mr. ALFRED BISHOP MASON, for the appellees:

No court has jurisdiction to enter judgment for an illegal tax, and a judgment for a legal one is conclusive only upon a person who appears and objects. *Belleville Nail Co.* v. *People,* 98 Ill. 399; *Campbell* v. *State,* 41 id. 455; *Allen* v. *Peoria R. R. Co.* 44 id. 85; *McLaughlin* v. *Thompson,* 55 id. 249; *McVeigh* v. *Winser,* 3 Otto, 274; Cooley on Taxation, 344; Blackwell on Tax Titles, 160.

The property having been sold under a joint execution issued upon all the judgments for the sum of all the taxes, the owner could not have redeemed from any portion of the sale, but only from the whole.    Rev. Stat. ch. 120, sec. 210.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Assuming that the judgment under which this sale for taxes was made may be inquired into, it is not perceived that equity requires that appellant should be shorn of his rights under the purchase to any greater extent than in so far as they are affected by the amount of taxes erroneously included in the judgment.    On that hypothesis the decree ought to have been that complainants be allowed to redeem from the sale by paying the redemption money allowed by the statute had the judgment and sale been for the proper amount of taxes, which can be readily ascertained by deducting the erroneous tax from the amount of the judgment.    It does not seem just, either, that under the circumstances the purchaser at a tax sale ought to be compelled to pay the costs of this suit.    It is not shown that complainants did not in fact know that the suit for taxes was pending.    For aught that appears in this record these complainants had full knowledge of the pendency of the proceedings for the collection of the taxes due on their land.    They failed to pay the taxes which were properly assessed.    They were first at fault. They lay by without objection, and permitted the judgment for the taxes, embracing the erroneous tax, to be entered, and permitted the complainant in good faith to purchase, on the faith of that judgment.    They did not, before beginning this suit, offer to pay the amount of redemption money which would have been necessary had the erroneous taxes not been included in the judgment.    If they wish the aid of a court of equity to relieve them from the injury they are about to suffer, they ought to treat that as having been done which ought to have been done.    To permit parties with full knowl-

edge to lie by, neglect to pay the true amount of their taxes, neglect to assert their objections when judgment is sought against their land, having a full opportunity to do so, and, after another has invested his money on the faith of such judgment, to come into a court of chancery, and escape by paying, at this late day, simply the taxes which they ought to have paid, and six per cent interest thereon, would be to invite men to omit to pay their taxes, and to speculate, without danger of losing their land, upon the chances of showing some erroneous tax embraced in the judgment for taxes. Public policy demands that this should not be.

The judgment of the Appellate Court is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*