HENRY H. GAGE

*v.*

CHRISTIAN C. BUSSE *et al.*

*Filed at Ottawa November 14, 1885.*

1. REDEMPTION FROM TAX SALE—*under the statute—upon what terms—and within what time.* The statute, except as to persons under disability, makes no provision for redemption after the expiration of two years from a sale of land for taxes. Where the redemption is made after that time by one under a disability, he is required to pay ten per cent on double the amount of the sale from and after the expiration of such two years.

2. SAME—*in equity.* Where a court of equity allows a redemption from a sale of land for taxes, on the ground that the amount of the sale includes illegal taxes, the party redeeming will be required to pay the redemption money allowed by the statute on the amount of the legal taxes and costs, and six per cent upon the redemption money from the expiration of the time for redemption fixed by the statute, and all taxes paid by the purchaser after the two years allowed for redemption, with six per cent thereon.

3. JUDGMENT FOR TAXES—*how far conclusive as to legality of taxes.* A judgment of the county court against lands for taxes, where there is no personal appearance of the owner, is not conclusive as to the legality of all the taxes included in it, but is open to attack collaterally.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. A. N. Gage, for the appellant:

This court, on a former appeal, held that appellees could only be entitled to relief upon their paying the redemption money allowed by the statute, while the decree herein grants relief upon paying a less amount. *Gage* v. *Busse*, 102 Ill. 592.

The statute provides for redemption from tax sale after the expiration of two years from the date of sale, upon payment of ten per cent per annum on double the amount for which the land was sold, from and after the expiration of the two years. Rev. Stat. 1874, chap. 120, sec. 210.

The county court having general original jurisdiction of the subject matter and the *res*, with power and authority to investigate and determine whether taxes are due, and the amount of the delinquency, its judgment upon these questions must be conclusive while it remains in operation. *Mays* v. *Ahloy*, 32 Cal. 479; *Porter* v. *Purdy*, 29 N. Y. 106; *People* v. *Brislin*, 80 Ill. 423; *Andrews* v. *People*, 84 id. 28; *Railroad Co.* v. *People*, 83 id. 467; *Graceland Cemetery Co.* v. *People*, 92 id. 619.

The action of the county court in such matters is *in rem* against the real estate. Rev. Stat. 1874, chap. 120, sec. 191; *Pidgeon* v. *People*, 36 Ill. 249; *Chesnut* v. *Marsh*, 12 id. 173; *Spellman* v. *Curtenius*, id. 409; *Olcott* v. *People*, 5 Gilm. 481; *Brown* v. *Joliet*, 22 Ill. 123; *People* v. *Nichols*, 92 id. 517; *St. John* v. *East St. Louis*, 50 id. 92; *Atkins* v. *Hinman*, 2 Gilm. 437.

Mr. JOHN P. WILSON, and Mr. JAMES E. MUNROE, for the appellees :

The terms upon which the decree gives relief are in conformity with the opinion of this court upon the former appeal, and do full justice to the appellant.

In no other case has this court required the land owner to pay more than the amount of the legal taxes for which his land has been sold, and six per cent simple interest thereon. *Phelps* v. *Hardin*, 87 Ill. 442; *Barnett* v. *Cline*, 60 id. 205; *Reed* v. *Tyler*, 56 id. 288; *Gage* v. *Nichols*, 112 id. 269; *Gage* v. *Hervey*, 111 id. 305; *Wilmerton* v. *Phillips*, 103 id. 78.

The judgment of the county court is not conclusive as to the legality of all the taxes included therein, there being no personal appearance. *McLaughlin* v. *Thompson*, 55 Ill. 249; *Belleville Nail Co.* v. *People*, 98 id. 399; *Gage* v. *Bailey*, 102 id. 11; *Stamposki* v. *Stanley*, 109 id. 210.

There is another class of cases arising upon the effect of a judgment of court confirming a special assessment, in which this court has held that the order of confirmation was final and conclusive as to all questions which might have been raised upon the application for a confirmation. The following are some of the cases involving this point, all of which are relied upon by counsel for appellant: *People* v. *Brislin*, 80 Ill. 423; *Lehmer* v. *People*, id. 601; *Prout* v. *People*, 83 id. 154; *Gage* v. *Parker*, 103 id. 528.

Mr. Justice Sheldon delivered the opinion of the Court:

This was a bill in equity, brought by appellees, against appellant, before the time for redemption had expired, to set aside certain tax sales, because certain of the city taxes of the city of Chicago, included in the judgments for the sales, were illegally levied by the city, and under which judgments appellant's assignor had purchased. A former decree in the case, in favor of appellees, was reversed by this court at the March term, 1882, upon the ground that the terms upon which the decree granted relief were incorrect. (See *Gage* v. *Busse*, 102 Ill. 592.) The cause was remanded, and a second decree entered by the Superior Court, which was affirmed by the Appellate Court for the First District, and the present appeal taken.

Appellant makes two points against the decree, the first of which is, that the decree is not in conformity with the former opinion of this court in respect of the terms of relief. It was said in that opinion: "The decree ought to have been, that complainants be allowed to redeem from the sale by paying the redemption money allowed by the statute, had the judgment and sale been for the proper amount of taxes, which can be readily ascertained by deducting the erroneous tax from the amount of the judgment." By section 210, chapter 120, of the Revised Statutes of 1874, page 892, the right of redemption must be exercised (except in the case of persons under disability) within two years from the date of the sale, and the party redeeming is required to pay the amount for which the land was sold, and a penalty of twenty-five per cent for each six months of the two years after the date of the sale, and all taxes paid by the purchaser within two years from the sale, with ten per cent interest thereon. This is "the redemption money allowed by the statute," and the decree, after deduction of the illegal taxes, requires the payment of all this, as so provided by the statute, and requires, in addition, the payment of six per cent interest on such redemption money from the expiration of the time of redemption fixed by the statute, and also payment of all taxes paid by appellant after the two years from the sales, with six per cent interest thereon. We are unable to see wherein there is want of conformity with the former opinion in this decree. It was payment of "the redemption money allowed by the statute" that was to be paid, and this is decreed. The statute (except in the case of persons under disability) makes no provision for redemption after the expiration of two years from the sale. By section 210, above referred to, minor heirs, idiots, etc., are permitted to redeem after their disability is removed, upon the terms specified in that section, and the payment of ten per cent per annum on double the amount for which the land was sold, from and after the expiration

of two years from the date of sale. It is supposed by appellant's counsel that this was the redemption to which the former opinion referred, and it is claimed that ten per cent interest should have been allowed on double the amount for which the land was sold, from and after the expiration of two years from the date of sale. This is clearly a misapprehension of the language of that opinion. No persons under disability were involved in the case, the decision was with respect to persons not under disability, and "the redemption money allowed by the statute," spoken of, had reference to the redemption money in the case of persons not under disability.

The other point made by appellant is, that the judgment of the county court, under which appellant's assignor purchased, is conclusive as to the legality of all taxes included therein,—that the judgment is *res judicata,* and can not be collaterally attacked. The owners of the property did not appear and file objections to the application for judgment in the county court. The decisions of this court have been such in number, and upon such due consideration, some of them, that a judgment for taxes, where there was no personal appearance, is not conclusive, and is subject to collateral attack, that we must adhere thereto as the settled doctrine of the court. See *McLaughlin* v. *Thompson,* 55 Ill. 249; *Belleville Nail Co.* v. *People,* 98 id. 399; *Gage* v. *Bailey,* 102 id. 11; *Stamposki* v. *Stanley,* 109 id. 210; *Riverside Co.* v. *Howell,* 113 id. 256.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*