ASAHEL GAGE

*v.*

WILLIAM C. GOUDY.

*Filed at Ottawa March 24, 1892.*

1. CONSTRUCTION—*of a decree—use of the word "said."* A decree in a suit for partition found that Solon W. Montgomery purchased the land from the United States in 1838, and that afterward "the said John W. Montgomery" and wife, by warranty deed, conveyed the land sought to be partitioned, to one Hunt, and then the decree gave a chain of conveyances to the parties to the suit: *Held,* that the name "John" was written by mistake, and the word "said" preceding the name "John W. Montgomery" was intended to identify the person whose name follows that word with the Montgomery before mentioned: *Held, also,* that the decree was *prima facie* evidence of title in the parties to that suit.

2. MUNICIPAL CORPORATION—*power of village to raise money for salaries of town assessor and collector.* An incorporated village has no authority of law to levy a tax to raise money with which to pay the salaries of the town assessor and collector.

3. Tax title—*where judgment includes illegal costs or taxes—attacked collaterally.* A judgment against land for taxes which includes any illegal tax, however small it may be, or illegal costs, as, fees for services unearned at the date of the judgment, is void, and may be attacked collaterally if there has been no personal appearance of the owner objecting to the rendition of judgment. In such case the sale of the land and the tax deed will also be void.

4. Where a judgment for taxes includes either illegal taxes or illegal costs, and the land owner does not appear and contest the entry of judgment, these objections may be raised by way of a collateral attack upon the title to lands claimed through a sale under such judgment. The judgment in such case is no estoppel.

5. Same—*burden of establishing estoppel of land owner to aver illegal taxes or costs.* If the land owner is estopped from showing the illegality of the judgment against his land, by his appearance to the merits before judgment, or otherwise, the burden will rest upon the party claiming the tax title to set up such estoppel by his pleadings, and to establish the same by proof.

6. Evidence—*judgments and decrees—when admissible as to third parties or strangers.* In general, judgments and decrees are evidence only in suits between the parties thereto and their privies; but this rule does not apply to a case where the judgment or decree is not introduced as *per se* binding upon any rights of one, but as tending to establish a link in the chain of a party's title.

7. A judgment or decree may constitute a part of a chain of title to real or personal estate, or, though not amounting to title, it may show the character of the possession of one of the parties to the suit. In either case it is admissible in evidence for or against strangers, as well as for or against the parties to the original suit. When a judgment transfers title, or is the foundation of a claim to possession, it is admissible on the same principle as a voluntary conveyance.

8. On bill to set aside tax deeds as a cloud upon the title, a decree in a suit for the partition of the land, which includes the land in controversy, is admissible to show title in the party in that suit, under whom the complainant derives title.

9. Costs—*in chancery.* Ordinarily, in chancery, costs are within the discretion of the court, and the disposition made of them by the court will not be disturbed on appeal.

10. Same—*on bill to set aside tax deed—tender of taxes, costs and interest.* On bill to set aside a tax deed, if the complainant desires to place the owners of the tax title in the wrong, so as to relieve himself from the payment of costs, he must make a tender of the taxes, costs and interest, and keep such tender good by bringing the money into court, or offering to do so in his bill.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

Appellee failed to maintain the allegation in his bill that he derived title from the United States through Solon W. Montgomery. *Gage* v. *Curtis,* 122 Ill. 520.

The judgment of the county court upon the question whether taxes are due, is conclusive while it remains in operation. *Mayo* v. *Ahloy,* 32 Cal. 479; *Porter* v. *Purdy,* 29 N. Y. 106; *People* v. *Brislin,* 80 Ill. 423; *Andrews* v. *People,* 84 id. 28; *Railroad Co.* v. *People,* 83 id. 467; *Cemetery Co.* v. *People,* 92 id. 619.

The action of the county court in such matters is *in rem* against the real estate. Rev. Stat. chap. 120, sec. 191; *Pidgeon* v. *People,* 36 Ill. 249; *Chestnut* v. *Marsh,* 12 id. 173; *Spellman* v. *Curtenius,* id. 406; *Olcott* v. *People,* 5 Gilm. 481.

The judgment being *in rem,* is conclusive as to all persons. Starkie on Evidence, sec. 380, p. 372; *Hobson* v. *Ewan,* 62 Ill. 146.

The judgment can not be attacked collaterally. *Goudy* v. *Hall,* 36 Ill. 313; *Young* v. *Lorain,* 11 id. 624; *Prescott* v. *Chicago,* 60 id. 121; *Osgood* v. *Blackmore,* 59 id. 261; *Rogers* v. *Higgins,* 57 id. 244; *Kelly* v. *Donlin,* 70 id. 378; *Karnes* v. *People,* 73 id. 274; *People* v. *Smith,* 94 id. 226.

It was error to tax the costs against appellant. *Gage* v. *Busse,* 102 Ill. 592; *Gage* v. *Arndt,* 121 id. 491.

Mr. WILLIAM C. GOUDY, *pro se:*

The complainant proved his title as alleged. A proceeding for partition under the statute is *in rem,* and therefore good against all the world. *Louvalle* v. *Menard,* 1 Gilm. 39.

The decree of partition was properly admitted as evidence of title. *Whitman* v. *Heneberry,* 73 Ill. 110; *Barr* v. *Gratz's Heirs,* 4 Wheat. 219; Freeman on Judgments, sec. 416.

The tax judgment was void because it included illegal taxes, and it may be attacked collaterally. *McLaughlin* v. *Thompson*, 55 Ill. 249; *Nail Co.* v. *People*, 98 id. 399; *Gage* v. *Bailey*, 102 id. 11; *Stamposki* v. *Stanley*, 109 id. 210; *Riverside Co.* v. *Howell*, 113 id. 256; *Drake* v. *Ogden*, 128 id. 611.

The judgment was void for the reason it included costs not allowed by law. *Combs* v. *Goff*, 127 Ill. 431.

It was not error to tax the complainant's costs against the defendant.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

In this case, the complainant, William C. Goudy, claiming to be the owner in fee of thirty-five town lots situate in what was formerly the village of Hyde Park, filed his bill in chancery against Asahel Gage, the defendant, to have certain tax-deeds, each purporting to convey certain of said lots, declared to be void, and removed as clouds upon the complainant's title to said lots. The defendant appeared and answered, alleging the validity of said tax-deeds, and claiming title thereunder to said lots in himself in fee. The cause being heard on pleadings and proofs, a decree was rendered in accordance with the prayer of said bill, and from that decree the defendant has now appealed to this court.

The counsel for the defendant, in his argument in this court, discusses the validity of only two of said tax-deeds, and rests his case solely upon those deeds. As he makes no attempt to point out any errors in the decree so far as it relates to the other three deeds, those deeds need not be considered. The two deeds relied upon were both issued in pursuance of a sale of said lots for the general taxes for the year 1881, one of said deeds being dated September 29, and the other September 30, 1884, the former purporting to convey twenty-nine and the latter one of said lots.

The defendant insists that there was a total failure on the part of the complainant to prove title to said lots in himself

as alleged in the bill, and that for that reason the bill should have been dismissed. The bill alleges that the complainant was, and ever since the 11th day of June, 1877, had been, the owner of said lots in fee simple; that his title thereto was by mesne conveyances from Solon W. Montgomery, to whom said premises were granted by the United States, by patent, dated December 10, 1838.

The complainant, to prove title to said lots, offered in evidence a duly authenticated copy of the pleadings, interlocutory orders and final decree in a certain suit in chancery for partition, commenced January 11, 1872, in the Superior Court of Cook county, to obtain a partition among several tenants in common, of whom the complainant in this suit was one, of a certain tract of land, of which the town lots in question in this suit formed a part. The pleadings in said partition suit alleged title in fee to said land in said tenants in common, derived through mesne conveyances from Solon W. Montgomery, and that said Montgomery obtained title thereto by patent from the United States, dated December 10, 1838. Said decree found that *Solon* W. Montgomery purchased said land from the United States and received a certificate therefor November 24, 1835, and afterwards received a patent therefor from the United States dated December 10, 1838; that on the 23d day of February, 1836, "the said *John* W. Montgomery" and wife executed their warranty deed of that date, whereby they conveyed said land to Jeremiah Hunt, and it then sets forth a chain of conveyances from said Hunt and wife down to the parties in said partition suit as tenants in common; and it was therefore ordered, adjudged and decreed that said parties claiming as tenants in common were seized in fee simple of and were vested with the title, legal and equitable, to said lands, as tenants in common, in certain proportions, said Goudy being seized of an undivided one-fourth part thereof. Partition between said tenants in com-

mon was ordered, and in said partition, the lots in question were set off to said Goudy in severalty.

It is now insisted, first, that as the defendant in this suit was not a party to said partition proceedings, the record of said proceedings was not competent evidence as against him, and, secondly, that said record, even if competent, shows title in Solon W. Montgomery, and fails to show that said land had ever been conveyed away by him.

The contention that said decree was incompetent and inadmissible as against the defendant can not be sustained. It is true, in general, that judgments and decrees are evidence only in suits between the parties thereto and their privies, but that rule is inapplicable in a case like this, where the decree is not introduced as *per se* binding upon any rights of the defendant, but as tending to establish a link in the chain of the complainant's title. Without said decree it would be impossible for the complainant to prove the partition of said land and the assignment of the several lots to the different tenants in common. It might with as much propriety be contended that the plaintiff was not at liberty to introduce in evidence his title-deeds because they were *res inter alios acta.* As said by Mr. Freeman : "A judgment may constitute a part of a chain of title to real or personal estate ; or, though not amounting to title, it may show the character of the possession of one of the parties to the suit. In either case it is admissible in evidence for or against strangers as well as for or against the parties to the original suit. Whenever a judgment transfers title, or is the foundation of a claim to possession, it is admissible upon the same principle as a voluntary conveyance." Freeman on Judgments, sec. 416. See also, *Barr* v. *Gratz's Heirs,* 4 Wheat. 219 ; *Whitman* v. *Heneberry,* 73 Ill. 110.

As to the other point, it must be admitted that the language of the decree leaves it somewhat uncertain whether any conveyance from Solon W. Montgomery is shown. Such convey-

ance can not be made out from the decree unless it is assumed that Solon W. Montgomery and John W. Montgomery were the same person, or that in drafting the decree, the name John was written by mistake for Solon. When we take the whole decree together, however, we think that one or the other of these conclusions sufficiently appears. Immediately following and connected with the finding that Solon W. Montgomery received a patent for said land from the United States, is the finding that "said John W. Montgomery" and wife executed a warranty deed of said premises to Jeremiah Hunt. The only Montgomery previously mentioned in the entire record was Solon W. Montgomery, and the word "said" preceding the name "John W. Montgomery" was clearly intended to identify, the person whose name follows that word with the Montgomery already mentioned. This interpretation of the language used is further strengthened by the subsequent portions of the decree which find and adjudge that the parties to said decree were seized in fee of said land as tenants in common, a fact which, so far as the decree shows, is consistent only with the supposition that the grantor in the deed to Jeremiah Hunt is the same person named as the patentee in the patent of said land from the United States.

We are of the opinion that the complainant's evidence was sufficient, *prima facie,* to establish his title to the lots in question as alleged in his bill, and as no evidence was offered on that question by the defendant, the contention that the complainant's title was not sufficiently proved must be overruled.

The validity of the two tax-deeds upon which the defendant's counsel relies in his argument is attacked by the complainant in his bill upon various grounds, but as we view the case, the following two are all which need be considered:

1. "That the judgment under which said lots were sold, and upon which the said deeds were issued, included illegal taxes, for which the said lots were not liable, that is to say, the board of trustees of the village of Hyde Park included in

the appropriation ordinance for the year 1881, the sum of $900 for the salary of the collector of the town of Hyde Park, and $1200 for the salary of the assessor of the town of Hyde Park, and the levy of taxes for the year 1881 included said illegal items in said appropriation ordinance, and the said illegal items were extended upon the real estate of the town of Hyde Park, and, among others, upon the lots hereinbefore described, and the judgment rendered by the County Court in the year 1882, for the delinquent taxes of 1881, against said lots, included a percentage or proportion of said salaries of the collector and assessor of said town of Hyde Park, and thereby increased the amount of the judgment on said lots and each of them, over and above the amount for which said lots were liable.

2. "That said judgment was also rendered for thirty-five cents costs taxed against each of said lots, while the amount of costs legally taxable against each of said lots, when the judgment was rendered, was a less sum, to-wit, twenty-two cents."

As to the facts alleged in these objections there can be no serious controversy. At the time of the assessment and levy of the tax in question and the sale of said lots therefor, the village of Hyde Park was a municipal corporation organized under the general law for the organization of cities and villages, embracing a territory coterminous with that of the town of Hyde Park. The village however was wholly distinct from the town, each having its own officers and municipal government. At the hearing, the complainant offered in evidence the appropriation ordinance of the village of Hyde Park for the year 1881, and by that ordinance the sum of $900 was appropriated for the salary of the town collector, and the sum of $1200 for the salary of the town assessor. The various sums appropriated by this ordinance were levied upon the taxable property within the village, and entered into and formed a part of the tax of 1881 for which the lots in question were sold.

As to the costs included in the judgments against said lots, it appears that thirty-five cents costs were taxed against each lot, and that to make up that sum, certain fees of officers for services not then rendered were included. Counsel for the defendant seems to admit that, in order to make up the thirty-five cents, it is necessary to include fees for services which could be rendered only after the judgment was pronounced, as for instance, the fee of fifteen cents allowed by law for attending the sale and issuing the certificate of sale. Without this fee, he is able to make up no more than twenty-five cents properly chargeable on each lot.

The case, so far as it relates to the inclusion of the salaries of the town collector and the town assessor in the amount of the tax levied, must be controlled by our decision in *Drake* v. *Ogden*, 128 Ill. 603. In that case the validity of a sale of property in the Village of Hyde Park for this identical tax was under consideration, and upon that question we said: "The territory of the village of Hyde Park is co-extensive with that of the town of Hyde Park, but the two organizations are in no manner connected with each other. An assessor and collector are elected each year in the town, but the village of Hyde Park has no such officers. It appears, however, from the evidence, that in the appropriation ordinance of 1881, adopted by the village, the sum of $900 was appropriated for the town collector's salary, and $1200 for the town assessor's salary. Of course, the village of Hyde Park has no authority to pay the salary of town officers, and it had no right whatever to levy a tax to raise money for that purpose. The levy, so far as the $2100 is concerned, was illegal. The result was, nineteen cents were added to the taxes on one of the lots, and twenty-seven cents to the taxes on the other lot. These amounts formed a part of the judgment for taxes upon which the premises were sold and the question arises, whether such illegal taxes rendered the judgment and sale void."

After quoting the amendment of 1879 to the Revenue Law, which makes the judgment of the County Court conclusive against objections to the tax which existed at or before the rendition of the judgment, or to the tax title based thereon, "except in cases where the tax or special assessments have been paid, or the real estate was not liable to the tax or assessment," we said: "We do not concur in the view of appellee, but we think it is clear that this case falls within the exception named in the last clause of the section. A portion of the taxes levied were illegal, and the land was not liable for such tax. The fact that a large portion of the tax was legal does not change the result. The illegal portion of the tax rendered the judgment and sale void."

The case, so far as it is affected by the inclusion in the judgment of costs which had not yet accrued, must be governed by *Combs* v. *Goff*, 127 Ill. 431, and *Gage* v. *Lyons*, 138 id. 590. In those cases it was held, that, if the judgment against land for taxes has included therein, as costs, any fees not then due and earned, but to accrue subsequently to the entry of the judgment, this will be a fatal error, and no title will pass by the tax-deed made on such judgment. See also *Riverside Co.* v. *Howell*, 113 Ill. 256; *McLaughlin* v. *Thompson*, 55 id. 249.

But it is urged that, under the amendment to the Revenue Law passed in 1879, the judgment of the County Court, whether rendered with or without the appearance of the land-owner, should be held to be conclusive of this, or any other objection to the entry of judgment which in fact was, or which might have been interposed, before the judgment was entered. We have frequently held, both before and since the passage of said amendment, that where a judgment for taxes includes either illegal taxes or illegal costs, and the land-owner does not appear and contest the entry of judgment, these objections may be raised by way of a collateral attack upon the title to lands claimed through a sale under such judgment,

and that the judgment is in such case no estoppel. And this is the settled doctrine of this court. *Gage* v. *Busse,* 114 Ill. 589; *Belleville Nail Co.* v. *The People,* 98 id. 399; *Gage* v. *Bailey,* 102 id. 11; *Stamposki* v. *Stanley,* 109 id. 210; *Mc-Laughlin* v. *Thompson, supra; Drake* v. *Ogden, supra; Gage* v. *Lyons, supra.* The theory upon which cases of this character have proceeded since the adoption of said amendment is, that they come within the exception made by the amendment, viz, cases where "the real estate was not liable to the tax or assessment." Lands are subject to the burden of legal taxes, but they are not subject to illegal taxes.

But the point is made that, as there is no express allegation in the bill that the complainant did not appear in the County Court and contest the entry of judgment, it must be presumed that he did so appear, and that the judgment should therefore be held to be a bar to his present claim. This view can not be sustained. The bill sets up the illegality of the judgment and of the title sought to be based upon it, and if for any reason the complainant should be estopped to set up such invalidity, the burden was clearly upon the defendant to set up such matter of estoppel by answer, and to establish the same by proof. As he has not done so, the estoppel contended for can not be applied, and the complainant must be permitted to avail himself of the objection.

The decree required that the complainant, as a condition to the relief granted, should pay the defendant the money paid by him at the tax sale and interest, but imposed upon the defendant the payment of costs, and the portion of the decree relating to costs is assigned for error. Ordinarily, in chancery, costs are within the discretion of the court, and the disposition made of them by the chancellor will not usually be disturbed on appeal. But the rule has been established in cases of this character by a series of decisions, that where the complainant desires to place the owner of the tax title in the wrong, so as to relieve himself from the payment of costs, he

must make a tender of the taxes, costs and interest, and keep such tender good by bringing the money into court, or offering to do so in his bill, and that if he fails in these requirements, it is error to decree costs against the defendant. *Cotes* v. *Rohrbeck,* 139 Ill. 532; *Mecartney* v. *Morse,* 137 id. 481; *Gage* v. *Arndt,* 121 Ill. 491. In this case no tender is shown to have been made, nor was any money brought into court. The bill, it is true, contains an offer to pay the defendant any amount of money which he paid in discharge of taxes assessed on said lots, or such sum as the court might find to be equitable and just, as a condition to the relief prayed for. This, under the decisions above quoted does not seem to have been sufficient for the purpose of putting the defendant in the wrong, so as to justify the court, on setting aside the tax deed, to decree costs against the defendant.

In all other respects the decree will be affirmed, but that portion of the decree relating to costs will be reversed, and the cause will be remanded to the Superior Court, with directions to enter a decree in favor of the defendant for costs.

*Decree reversed in part and in part affirmed.*