JACOB GLOS *et al.*

*v.*

MITTIE C. AMBLER.

*Opinion filed June 23, 1905—Rehearing denied December 14, 1905.*

1. PARTIES—*who are not improper parties to bill to set aside tax deeds.* Trustees and beneficiaries of trust property the legal title to which has been conveyed to a receiver in a proceeding against the trustees for accounting, are not improperly joined as parties complainant with the receiver in a proceeding by him to set aside certain tax deeds to the property.

2. TENDER—*when tender inures to benefit of party subsequently acquiring title.* Tender to the holder of tax deeds by the holder of the legal title to trust property, who, as receiver, subsequently begins a suit to set aside the tax deeds, in which he makes the trustees and beneficiaries parties complainant with him, inures to the benefit of

the beneficiaries to whom the legal title is conveyed pending the determination of the case.

3. SAME—*what sufficient to stop interest.* Tender to the holder of a tax deed, before suit begun, of the amount subsequently found to be due by the decree, coupled with an offer in the bill to pay the same at any time, and followed by payment of the amount into court, subject to the order of the defendant, after the decree setting aside the tax deed was rendered, is sufficient to stop interest at the time of the tender and render the defendant liable for the costs. (*Rankin* v. *Rankin,* 216 Ill. 132, distinguished.) CARTWRIGHT, C. J., and HAND, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

On April 4, 1900, James Furlong, as receiver, filed his bill in the circuit court of Cook county to set aside two tax deeds issued by the county clerk of Cook county to appellant Jacob Glos for lot 25, block 47, in Carpenter's addition to Chicago. Theodore F. Bliss and Phineas L. Hanscom, trustees under the last will and testament of Philo Carpenter, deceased, and Alice M. Dickson and Mittie C. Ambler, were made parties complainant with Furlong.

The bill alleged that on July 23, 1887, Anna A. Cheney and Sarah G. Hildreth, as executrixes under the list will and testament of Philo Carpenter, deceased, conveyed said lot to Bliss and Hanscom, trustees under the will of Carpenter, and that said trustees held the title to the lot until April 10, 1899, when, in pursuance of an order of the circuit court of Cook county, they conveyed said lot to Furlong, as receiver. The bill then set out certain grounds and reasons why the tax deeds were invalid, which were, generally, that the affidavits filed as a basis for the issuance of the deeds did not show service of notice as required by law, and that certain illegal taxes were included in the tax levied, under which the premises were sold. The bill further alleged that on March 28, 1900, Furlong tendered to Glos $1250, being the amount advanced on account of said tax deeds, interest and cost, which amount was refused, and was then brought into court for the benefit of appellants.

A demurrer was filed to the bill and the same was over-ruled, and on December 30, 1901, an amended and supplemental bill was filed setting out substantially the same facts as alleged in the original bill; also, that since the filing of the original bill said Furlong had conveyed said premises to the complainants Alice M. Dickson and Mittie C. Ambler, pursuant to an order of the circuit court; that on January 30, 1900, the said Glos began a suit in ejectment against the said Furlong, which suit was subsequently dismissed. A demurrer was filed to this amended supplemental bill, which demurrer was overruled, and upon the cause being referred to the master he made his report recommending a decree as prayed in the bill. One hundred and eighteen objections were filed to the report of the master, substantially all of which were overruled and a decree was entered as recommended. From this decree an appeal has been prosecuted to this court.

JACOB GLOS, *pro se*, (JOHN R. O'CONNOR, of counsel, and solicitor for Emma J. Glos.)

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

There are some forty assignments of error upon the record but only eight of these are urged as grounds of reversal, viz.: (1) Alice M. Dickson and Mittie C. Ambler were improperly joined as complainants in the original bill and can claim no right or benefit thereunder, for the reason that only the owners of property can maintain such a bill; (2) there was no privity of estate between Furlong, as receiver, and Alice M. Dickson and Mittie C. Ambler as would entitle them to the benefit of the tender made by Furlong; (3) the tender was not made by the owner or the parties in interest; (4) there has been no tender by Alice M. Dickson and Mittie C. Ambler, or by either of them; (5) the defendant Emma J. Glos, wife of Jacob Glos, should have been reimbursed her

proportionate share of the amounts expended at the tax sale and for subsequent tax, with interest; (6) an unaccepted tender will not stop the running of interest unless the money is placed at the disposal of the defendant; (7) the deposit of a certified check with the clerk of the court is not a payment of money into court pursuant to the terms of the decree; (8) the receiver was not authorized to file the original bill joining others with him as co-complainants.

It will be observed that these several alleged errors resolve themselves into the questions whether Alice M. Dickson and Mittie C. Ambler were proper parties complainant to the bill and whether the tender was sufficient.

The evidence shows that Philo Carpenter by his will devised the lot in question to Anna A. Cheney and Sarah G. Hildreth as trustees, to partition and convey one-quarter thereof to Theodore F. Bliss and Phineas L. Hanscom, as trustees, for Alice M. Dickson and Mittie C. Ambler, the children of his deceased daughter. These conveyances were made, and on September 22, 1899, Alice M. Dickson and Mittie C. Ambler filed a bill in the circuit court of Cook county against Bliss and Hanscom, trustees, for an accounting. On September 28, 1899, James Furlong was appointed receiver of the property by the circuit court, and on September 29, 1899, the premises were conveyed to him by the trustees. On March 28, 1900, Furlong tendered the amount due under the tax deeds to Glos, and on April 8, 1900, filed this his bill to set the deeds aside. On August 23, 1901, Furlong, as receiver, and Bliss and Hanscom, as trustees, conveyed to Alice M. Dickson and Mittie C. Ambler the premises in question. On May 18, 1904, Alice M. Dickson conveyed all her interest to Mittie C. Ambler. At the time the premises were sold for taxes and at the time the tax deeds were issued the legal title was in the trustees. At the time the tender was made by Furlong to Glos, and at the time the bill was filed in this case, the legal title was in Furlong. Furlong made Bliss and Hanscom, the two trustees, and Alice M.

Dickson and Mittie C. Ambler, parties complainant to the bill. We are unable to see how appellants were in any way injured by this fact. All of these persons, while they may not all have been necessary parties, were not improper parties. The title, at the time the bill was filed, was in Furlong, but he merely held under the order of the circuit court pending the determination of the bill for an accounting. The legal title had been in the two trustees while the equitable title was in Alice M. Dickson and Mittie C. Ambler. A tax deed had been obtained by Glos and he had commenced the suit in ejectment to get possession of the premises. It was desirable that an action should be commenced to set the deeds aside. With the title in this complicated condition it would have been sufficient for Furlong, as receiver and as the holder of the legal title, to have commenced the action alone. The other persons who were joined with him as complainants were not wholly disinterested in the matter,—at least not to the extent of making them improper parties. Moreover, it wholly fails to appear where these appellants were injured by their being so joined.

Before the suit was commenced Furlong made a tender to Glos of the amount due on the tax deed, which amount covered all principal, interest and cost. It is not now claimed that the tax deeds were improperly set aside, but it is contended that the tender did not inure to the benefit of Alice M. Dickson and Mittie C. Ambler after the title was conveyed to them. Before the termination of the case, as already stated, the title was conveyed to Alice M. Dickson and Mittie C. Ambler, and finally to Mittie C. Ambler, and the case proceeded with them alone as complainants. The tender was made in the same case, for the same tax deeds and practically between the same parties. It ought therefore to inure to the benefit of the parties complainant who subsequently acquired title to the premises.

The original tender was made to Glos in cash, before the commencement of the suit. He refused to accept it. We

have held that it is sufficient that the complainant make a tender to the defendant, and allege in his bill that he is willing to pay whatever amount shall be found due to the holder of the tax deed upon the entering of a final decree, and that this is sufficient to place the defendant in the wrong and require him to pay the costs. (*Gage* v. *Goudy,* 141 Ill. 215; *Cotes* v. *Rohrbeck,* 139 id. 532; *Mecartney* v. *Morse,* 137 id. 481; *Glos* v. *Gould,* 182 id. 512.) The complainant Furlong not only signified his willingness to pay the amount found upon rendition of the decree, but he tendered this amount before the suit was commenced and offered by his bill to pay the same at any time, also after the decree was rendered paid the money into court subject to the order of the appellants. This was sufficient to stop interest on the amount, and also to render appellants liable for costs. (*Webster* v. *French,* 11 Ill. 254; *Board of Supervisors* v. *Henneberry,* 41 id. 179.) The case is distinguishable from *Rankin* v. *Rankin,* 216 Ill. 132.

At the time the bill was filed, Emma J. Glos, wife of Jacob Glos, had no interest in the property other than her inchoate right of dower. Pending the suit her husband conveyed to her an undivided one-third of the premises. In her answer she claimed her right of dower but denied that she was a proper or necessary party to the bill. The decree provided that the money should be paid into court for the use of Jacob Glos and his assigns. If Emma J. Glos is one of the assigns of Jacob Glos she can easily produce evidence to that effect and obtain her share of the money.

We find no reversible error, and the decree of the circuit court will be affirmed.

*Decree affirmed.*

CARTWRIGHT, C. J., and HAND, J., dissenting: The complainant having failed to keep his tender good by bringing the money into court, we are of opinion that the defendant was entitled to interest on the amount tendered up to the date on which the decree was entered. *Rankin* v. *Rankin,* 216 Ill. 132.