(No. 16359.—Order affirmed.)

THE BOARD OF EDUCATION OF ALTON COMMUNITY CON-
SOLIDATED SCHOOL DISTRICT No. 151 *et al.* Appellants,
*vs.* THE ALTON WATER COMPANY, Appellee.

*Opinion filed December 16, 1924.*

1. MUNICIPAL CORPORATIONS—*legislative power of city council
is limited.* The city council of a city is a body of limited powers
and can exercise only such powers as are expressly or impliedly
conferred upon it by the legislature.

2. SAME—*city cannot fix rate for hydrant rental for a period
of years.* A city council cannot restrict and curtail the legislative
powers of succeeding councils by making a contract with a water
company to pay a fixed rate for hydrant rental for a period of
thirty years, as the legislature has the right to regulate and con-
trol the rates of charges made by a corporation whose business is
impressed with a public use.

3. SAME—*city has no inherent power of taxation.* A city has
no inherent power to raise public funds by means of taxation but
such power is derived only by grant from the State.

4. SAME—*a city holds its property in trust for public use.* A
municipal corporation holds its property in trust for public or cor-
porate uses, and its funds or property cannot be diverted or given
away for private use.

5. SAME—*city cannot levy tax for benefit of school district.* A
municipal corporation cannot, by contract to furnish water free to
public schools, in effect levy a tax for the maintenance of a school
district, as the school district is a separate corporation also clothed
with power of taxation for its corporate purposes.

6. SAME—*when contract with water company to furnish water
to schools is not binding on city.* A contract or franchise ordi-
nance by which a city permits a water company to use water hy-
drants in consideration for the furnishing of water free of charge
to public schools is not a valid and binding contract on the city
which will prevent the city, at any time during the continuance
of the franchise, from changing its rates or terms for hydrant
rental according to law.

APPEAL from the Circuit Court of Madison county; the
Hon. FRANK W. BURTON, Judge, presiding.

WILLIAM P. BOYNTON, and McGINNIS & McGINNIS, for appellants.

A. M. FITZGERALD, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

On March 31, 1906, there was passed by the city council of the city of Alton the Alton Water Company franchise ordinance, under which appellee is now operating a waterworks system in the city of Alton. On May 23 of the same year that ordinance was formally accepted in writing by appellee. Paragraph (*e*) of section 3 of the ordinance is as follows: "The said second party, [the Alton Water Company,] its successors and assigns, shall furnish a reasonable quantity of water free of charge to all public and parochial schools, and to all public buildings in the city of Alton which are owned or used by the city, and in six places in the city for public watering troughs, to be located and constructed by the city at such points as it pleases along the line of the mains of the second party. Such water is furnished free as a part of the consideration for the said hydrant rental, which is deemed to cover water to be taken from hydrants and in such public or parochial school buildings and watering troughs."

On November 30, 1920, appellee filed a schedule for an increase of rates with the Public Utilities Commission, to go into effect January 1, 1921. This schedule stated that it would become effective January 1, 1921. On December 20, 1920, a suspension order was entered by the Public Utilities Commission suspending the effect of the schedule until April 30, 1921, and prior to that date a further extension order was entered suspending the schedule until October 30, 1921. On October 26, 1921, the commission entered a so-called permanent suspension order without fixing reasonable rates. Thereafter an injunction was issued

by the United States court restraining various enforcing officers of the State and city from interfering with the collection of the rates provided by this schedule. June 28, 1922, a resolution was adopted by the city council of the city of Alton putting into effect a new schedule of rates for water furnished and supplied to the inhabitants of the city of Alton. In and by the terms of both such schedules or rates it was provided that all water furnished the schools in the city of Alton must be paid for at regular meter rates. July 25, 1922, appellee filed this schedule of rates with the Commerce Commission. July 27, 1922, the commission approved such schedule, effective as of August 1, 1922. Appellants herein filed their petition before the commission requesting that it enter an order modifying its former order, so that appellee be required to furnish water free of cost to the public and parochial schools of the city of Alton, as required by the terms of the franchise ordinance. Some time in the spring of 1922, and before the adoption by the city council of Alton of the resolution above referred to, what is known as the Alton Community Consolidated School District No. 151 was formed of the territory within the city and some territory adjacent thereto. The petition, however, merely limits the relief to compelling appellee to furnish free water to the public schools and the parochial schools within the corporate limits of the city of Alton and not to any schools which are at present included within the district without the corporate limits of the city. The Commerce Commission entered an order under date of November 15, 1923, requiring appellee to furnish "a reasonable quantity of water free of charge to all public and parochial schools," and requiring appellee to amend its schedule of rates filed with the commission on July 25, 1922, and approved by the commission on July 27, 1922, to conform with such order. From this order of the commission, after a denial of a petition filed by appellee for a rehearing, appellee appealed to the circuit court of Madison county,

Illinois.   The circuit court held the order of the Commerce
Commission entered on November 15, 1923, to be unlawful
and reversed and set aside the same.   Appellants appealed
from such order to this court.

It is contended by appellants that the ordinance of
March 31, 1906, and its acceptance by appellee, constituted
a valid and binding contract for the benefit of appellants,
by which appellee was obligated to furnish water free to
appellants during the life of the franchise, and that such
contract could not be abrogated by the city council by reso-
lution.   The city council of a city is a body of limited pow-
ers, and can only exercise such powers as are conferred up-
on it by the legislature, either expressly or impliedly.   The
city of Alton did not own its water system but contracted
with appellee to supply water, and its authority to make
such contract is found in section 1 of article 10 of the City
and Village act approved April 10, 1872, in force July 1,
1872, as amended by an act approved June 26, 1885, and
as amended by the act of June 6, 1891.   The section in
question provided: "The city council * * * shall have
the power to provide for a supply of water * * * by the
construction and regulation of * * * waterworks, and
to borrow the money therefor, and to authorize any per-
son or private corporation to construct and maintain the
same at such rates as may be fixed by ordinance, and for
a period not exceeding thirty years."

By the ordinance of March 31, 1906, it was not pro-
vided that the water to the schools should be furnished
as a donation by appellee, but it was provided that "such
water is furnished free as a part of the consideration for
the said hydrant rental, which is deemed to cover water to
be taken from hydrants and in such public or parochial
buildings and watering troughs."   In other words, the water
was not to be furnished free by appellee but was to be paid
for by the city of Alton under the terms of the ordinance
as to hydrant rental.   Even if the ordinance and its accept-

ance by appellee be construed as a contract between the city of Alton and appellee to the effect that during the life of the franchise hydrant rental should be paid by the city at the rate fixed by the ordinance, and that such rate should cover the cost of water furnished to the public and parochial schools, the city council was powerless to enter into such contract. While by the statutory provision of section 1 the city council was given power to authorize any person or private corporation to construct and maintain waterworks at such rates as may be fixed by ordinance, and for a period not exceeding thirty years, the meaning of this language is not that the waterworks are to be maintained at such established rate as may be fixed by one ordinance for a period not exceeding thirty years. The clause "for a period not exceeding thirty years" qualifies the words "construct and maintain the same," but does not qualify the words "at such rates as may be fixed by ordinance." The city council could not by its ordinance part with its power to change the hydrant rental, and its method of payment, from time to time during the period of thirty years, as occasion might require. A legislative body like a city council, whose members are elected for only two years, cannot restrict and curtail the legislative powers of succeeding city councils by making a contract to pay a fixed rate for hydrant rental for a period of thirty years. To do so would violate the further principle that the legislature has the right to regulate and control the rates or charges made by a corporation whose business is impressed with a public use. *City of Danville* v. *Danville Water Co.* 178 Ill. 299; *Freeport Water Co.* v. *City of Freeport,* 186 id. 179; *Rogers Park Water Co.* v. *Fergus,* 178 id. 571.

By section 2 of the act in question it is provided: "Any said city or village so contracting may levy and collect a tax on all taxable property within such city or village to pay for the water so supplied." By the act of March 31,

1906, the hydrant rental covering water furnished to the public and parochial schools was to be paid by taxation. A municipality has no inherent power to raise public funds by means of taxation but such power is derived only by grant from the State. (*Fergus* v. *Russel,* 270 Ill. 304.) A municipal corporation holds its property in trust for public uses, and its funds can be used only for corporate purposes. They cannot be diverted to private use. Nor can the municipal authorities or the electors give away the money or property of the municipality. (*People* v. *Parker,* 231 Ill. 478.) The city of Alton and the appellant board of education are separate corporate entities, each clothed with the power of taxation for its corporate purposes and for none other. They are organized under different laws, each for a specific purpose. The parochial schools are purely private institutions, and neither municipal corporation has any authority to contract or levy a tax for their benefit. The board of education would have no power to levy a tax for the purpose of maintaining a city waterworks system or any purpose for the sole benefit of the city in its corporate capacity, nor would the city have any authority to levy a tax for the maintenance of a community high school.

The ordinance of March 31, 1906, in so far as it provided for the furnishing of water to appellants, was not a valid, binding contract upon the city and appellee which would prevent the city, at any time during the continuance of the franchise, from changing its rates for hydrant rental according to law.

The order of the circuit court is affirmed.

*Order affirmed.*