(No. 25934.

THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellant, *vs.* THE NORTH SHORE THEATRE BUILDING CORPORATION, Appellee.

*Opinion filed December 16, 1940.*

THOMAS J. COURTNEY, State's Attorney, JOHN O. REES, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, THOMAS M. THOMAS, and THOMAS F. SCULLY, of counsel,) for appellant.

ADELBERT BROWN, (POMEROY SINNOCK, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from an order of the county court of Cook county sustaining appellee's objections to the 1938 levy made by the Chicago Park District. The county treasurer and *ex officio* county collector of Cook county made application for judgment and order of sale against certain real property of appellee returned delinquent for non-payment of general taxes for the year 1938. Appellee filed written objections to the levy for the following reasons: (1) That the total levy produced an amount in excess of the total appropriated needs, and (2) that the item of ap-

propriation in the amount of $40,000 for expenses of a Citizens' Investigating Committee was not for a necessary expense and was, therefore, not authorized by law. The county court held that the levy was excessive in the amount of $39,750.68, and that the sum appropriated for the expense of the investigating committee was not authorized by law.

The parties to this suit stipulated that the rate produced by the total of all levies of the Chicago Park District for 1938 was $.977396 or an even rate of $.98. The total rate declared illegal by the county court was $.037058. Of this amount $.004093 was the sum produced by the two items which are the subject matter of this appeal. The other items which constitute the amount declared illegal are not now before us. If this court should rule in favor of the appellant on the validity of the excess levy and the appropriation for the investigating committee, the final corrected rate would be $.944431. If, on the other hand, we should find both items of the levy invalid, the final corrected rate would be $.940338. In either event, the extended rate would be $.95 in conformity with section 128 of the Revenue act (Ill. Rev. Stat. 1937, chap. 120, par. 116) which provides that in the extension of taxes the fraction of a cent shall be extended as one cent. The county court, in ruling that certain parts of the disputed levy were illegal deducted $.037058 (the amount declared invalid) from $.977396 (the rate stipulated), and extended the rate as an even $.94. Properly calculated the resulting rate should be $.940338. The county court committed error in failing to follow the provisions of section 128 of the Revenue act, *supra,* and should have extended the rate at an even $.95. It is unnecessary for us to pass upon the validity of the excess levy and the appropriation for the investigating committee since any decision we might reach could not alter the rate.

It is argued that the objections raised in other cases being appealed to this court would, if taken together, make

210

a difference in the total rate. These other cases are not now before us, and if any such objections were to be considered they should have been submitted on proper objections and arguments in this appeal. A series of objections arising in totally separate cases cannot be accumulated in the appeal now before us.

The judgment is reversed and the cause remanded, with directions to enter a judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*