(No. 31571.—

THE PEOPLE *ex rel.* Louis E. Nelson, County Collector, Appellant, *vs.* TRUSTEES CENTRAL MANUFACTURING DISTRICT *et al.,* Appellees.

*Opinion filed November 27, 1950.*

John S. Boyle, State's Attorney, of Chicago, (Gordon B. Nash, and Joseph H. O'Connor, of counsel,) for appellant.

Adelbert Brown, and McDonald & Schmidt, both of Chicago, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal by the county collector from a judgment of the county court of Cook County sustaining objections to the collector's application for judgment and order of sale against real estate returned delinquent for nonpayment of 1946 taxes. Appellees paid their taxes in full, under protest as required by law, and filed objections seeking a refund of the portion of the tax alleged to have been illegally exacted. The court sustained objections to all taxes in an amount sufficient to produce an illegal rate of twelve cents on the $100 valuation of the objectors' real estate, and ordered a refund of the taxes produced by the illegal rate. One cent of the illegal rate relates to the taxes for county funds. It is this latter amount, and the three objections sustained to produce it, which are at issue in this appeal.

One of the objections made was to an item of $91,534.58 for blind relief taxes and was couched in the following terms: "The Blind Relief Fund was established in 1935 and taxes were levied for this purpose for 1937 to 1942 inclusive. [Citations.] There existed on December 31, 1945, uncollected taxes in the sum of $91,534.58 (Comp. Report, p. 'G5') after deducting the amount considered by taxing officials as an ample allowance for loss and cost. This fund was abrogated in 1943 [Citations] and as from October 1, 1943, the State of Illinois assumed all expenses for relief of the blind and at the close of the fiscal year 1945 all outstanding warrants and all obligations of this fund had been satisfied, and the net amount of uncollected taxes set forth accrue to the Corporate Fund, but was not considered in determining the amount to be levied for the Corporate Fund for 1945." The proof in the record does not support the allegation that all obligations of the blind relief fund had been satisfied at the close of the fiscal year 1945. The balance sheet of the fund, struck at the beginning of the fiscal year 1946, which is contained

in the county's 1946 appropriation and levy ordinances, lists the fund's assets as being: "Taxes Receivable—1945, $70,274.93," and liabilities to be appropriated for as: "Advances by County Treasurer, $70,274.93." The difference in the amount of taxes receivable recited in the objection and the amount shown by the ordinances has come from the objectors' reliance on the figure shown in the county comptroller's annual report for 1945. The comptroller's estimate of net taxes receivable, however, is not binding upon the county commissioners and, unless proved arbitrary, the value placed thereon by the commissioners will control. (*People ex rel. Nash* v. *Maxwell & Co.,* 359 Ill. 570.) No issue has been raised in this case over the difference between the two estimates. Regardless of the amount, however, the proof made shows that a liability did exist in the fund, which made it impossible for the taxes receivable to accrue to the corporate fund, or to be considered as diminishing the amount to be levied for the corporate fund. The language of the objection is plain and the record clear, thus it was error for the trial court to sustain the objection on the grounds advanced.

In this court, the objectors, by their argument, seek to inject two further objections to the blind relief fund, first, that it is not itemized as required by statute and, second, that an interfund loan cannot constitute the basis of increasing county taxes. Section 235 of the Revenue Act (Ill. Rev. Stat. 1945, chap. 120, par. 716,) requires objections to taxes to be in writing and to specify the particular cause of the objection. In considering the effect of this statute we have held that the only issues triable by the county court are those raised by the written objections, the purpose of the rule being to require the objection to be so specific and definite that the opposing counsel, as well as the trial court, may ascertain the real objection to the tax without argument or explanation. (*People ex rel. Rott* v. *New York Central Railroad Co.* 369 Ill. 192; *Indi-*

*ana, Decatur and Western Railway Co.* v. *People ex rel. Jones,* 201 Ill. 351.) In the *New York Central case* the written objection was that the levy was void because it was by rate only, and under the above rule we held that the objector could not contend for the first time in this court, that the levy was improperly itemized. The objectors in the present case, having filed specific objections and not having amended or sought to amend them, are now estopped from urging new and different grounds of objection.

The next objection sustained by the trial court involved certain relief items in the amount of $83,500, which the objectors claimed were not for a purpose of the county. The specific items attacked appear in the 1946 appropriation and levy ordinances as follows:

"29-414   County Physicians—Family Service Division
          —For Services of County Physicians Field
          Service Division, in treating the sick poor at
          their homes at $2.00 per call...............$50,000.00
"29-425   Convalescent Care for Indigent Persons on
          Discharge from Cook County Hospital......$30,000.00
"29-429B  Social Service Exchange Services—For the
          purpose of defraying the expenses for ser-
          vices rendered and Bureau of Public Welfare
          by the Social Service Exchange...........$ 1,500.00
"29-429C  Impersonal Service, NOC—A part, namely
          $500.00 of the total to be used for burial ex-
          pense of indigent persons.................$ 2,000.00"

The collector points out that this court, in construing section 24 of the Paupers Act, (Ill. Rev. Stat. 1945, chap. 107, par. 25,) has established that two classes of paupers are embraced by the statute. (*Cloyd* v. *County of Vermilion,* 360 Ill. 610; *People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543.) The first class, whose support is an obligation of the city of Chicago, (Ill. Rev. Stat. 1945, chap. 107, par. 14a,) or of the various townships outside the city, (Ill. Rev. Stat. 1945, chap. 107, par. 15.1,) being those persons who, under normal circum-

stances, are unable to earn a livelihood and are without relatives capable of supporting them. The second class, for whose support and assistance the county is liable, (*Cloyd* v. *County of Vermilion,* 360 Ill. 610,) consisting of those persons not technically paupers, but who, because of an emergency arising from illness or death, are unable to pay medical or burial expenses. The collector contends that the funds levied are to be used to pay for the county's obligation to paupers in the second class, and are thus for a proper county purpose.

While the distinction in classes of paupers and the respective obligations for their support may be admitted, the levies here objected to do not reflect that distinction. In *People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 Ill. 543, similar levies which were held legal, clearly made the distinction and showed a county purpose when the levies recited that they were for "care of inmates in the county farm not chargeable to any township" and "transient paupers not chargeable to townships." In the present case the levy only purports to be for the "sick poor" and for "indigent persons." There is no language used which shows that the class levied for is the class for which the county is liable, or that the money sought will be expended to the exclusion of the class of paupers to whom the county has no obligation. The lawful purpose of a tax levy must be disclosed by the terms and provisions of the levy, and an undisclosed purpose to apply the proceeds of the tax to a lawful object is of no avail. (*People ex rel. Thies* v. *Baltimore and Ohio Southwestern Railroad Co.* 356 Ill. 272.) The levies disputed here did not disclose a proper county purpose and the trial court properly sustained the objection.

The county court also sustained an objection to a tax for wages and salaries for township assessors, which, with its proportionate share of loss and cost, totalled $69,126. The basis of the objection to this item was that it was not

for a proper county purpose. The collector contends that the county assessor is given such broad powers of control over township assessors by section 6 of the Revenue Act of 1939, (Ill. Rev. Stat. 1945, chap. 120, par. 487,) that the duty of the county to pay for their services arises by implication. The relevant portion of the section is as follows: "* * * provided, that in all townships of such counties not lying wholly within the limits of one city, in which township assessors are elected, such township assessors shall be *ex-officio* deputy assessors * * * under the direction and control of the county assessor * * *. The number and compensation of the clerks and the deputies (other than the *ex-officio* deputies) shall be determined annually by the county board and such compensation shall be paid from the county treasury." It is conceded that the tax item objected to was for the class of township assessors who are designated *ex-officio* deputies by the statute. Rather than implying that their wages and salaries are a county obligation, the statute expressly excepts such assessors from its wage provision. Further, the compensation for township assessors is made an obligation of the township in section 36 of the Fees and Salaries Act. (Ill. Rev. Stat. 1945, chap. 53, par. 55.) It is elementary that one municipality cannot levy taxes for the obligations of another municipality. (*Board of Education* v. *Alton Water Co.* 314 Ill. 466; *Gage* v. *Goudy*, 141 Ill. 215; *Drake* v. *Ogden*, 128 Ill. 603; *Board of Supervisors* v. *Weider*, 64 Ill. 427.) The appropriation here was manifestly not for a county purpose and the objection to it was properly sustained.

The collector's chief argument in relation to the township assessor item is founded on the theory that the objection should not be considered by this court because any determination we might make with respect to it will not affect the eventual tax rate extended by Cook County. The total levies for all county purposes produced a rate

of $.250772 which the county clerk extended at the even cent rate of $.26, as allowed by law. (Ill. Rev. Stat. 1945, chap. 120, par. 644.) The three objections just discussed produced an illegal rate of $.002632, which, when subtracted from $.250772 leaves a rate of $.248140, or an even cent rate of $.25 entitling the objectors to a refund of one cent on the $100 valuation of their real estate. Considering the tax assessor item separately, the collector points out that the illegal rate it produced was $.000722; that when subtracted from $.250772 a rate of $.250050 remains which will be extended at $.26, and urges that we not consider the objection since our decision could not affect the final rate.

In support of this proposition, *People ex rel. Toman v. North Shore Theatre Building Corp.* 375 Ill. 208, is relied upon. In that case the rate produced by all levies was $.977396 or an even cent rate of $.98. The total rate declared illegal by the county court was $.037058, leaving an adjusted rate of $.940338, which would be extended at $.95. On the appeal the collector sought review as to two items which had produced an illegal rate totalling $.004093. We pointed out that even if the objections were overruled by this court, the $.004093 when added to $.940338 would only create a rate of $.944431, which would still be extended at the rate of $.95. We refused to pass upon the validity of the two items involved since our decision would not alter the rate. In the instant case, the total illegal rate produced by the items to be considered on appeal, was $.002632, and if added to $.248140 would very definitely alter the rate from $.25 to $.26 if the objections were overruled.

The total illegal rate produced by sustaining the objections to the three items, which remains in issue on this appeal, is sufficiently large that the tax rate would be altered were we to overrule the objections, thus we will necessarily consider the validity of all the taxes embraced

by the objections. There is no merit to the contention that the township assessor item should not be considered.

The judgment of the county court sustaining the objections to the township assessor and relief items, is affirmed; its judgment sustaining the objection to the blind relief item is reversed and the cause is remanded with directions to overrule the objection to that item.

*Affirmed in part and reversed in part
and remanded, with directions.*