HENRY H. GAGE

*v.*

JAMES S. PIRTLE, Trustee.

*Filed at Ottawa May 9, 1888.*

1. REMOVING CLOUD UPON TITLE—*setting aside tax deed—upon what terms.* The proper terms on which to set aside a tax deed taken out on an insufficient notice of the purchase, is to require the owner of the land to pay to the holder of the tax deed the amount paid at the tax sale, and all subsequently paid taxes, with interest thereon, and not the amount required to redeem, and subsequent taxes, with interest thereon.

2. SAME—*former decision distinguished.* In the case of *Gage* v. *Busse*, 102 Ill. 592, the bill was filed before the time of redemption had expired, and it sought to redeem without the payment of an illegal tax in part, and it was not intended in that case to depart from the prior decisions holding that it is only necessary for the complainant to pay the amount of the sale, subsequent taxes and interest.

3. SAME—*"penalties," under act of 1885—the statute construed.* The penalties mentioned in the act of 1885, amendatory of section 224, chapter 120, of the Revised Statutes, and which are required to be paid as a condition to the setting aside of a tax deed, are those which the holder of the tax deed, or his assignor, shall have paid or be entitled to in procuring his tax deed.

APPEAL from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

It is not equitable for one to permit another to invest money for his use, and to discharge his public obligations, upon the faith of a statute, and then defeat the purchaser from receiving the statutory compensation. *Moore* v. *Wayman*, 107 Ill. 192; *Gage* v. *Busse*, 102 id. 592.

Equity follows the law, and when equity first attaches, the statutory penalties have accrued; and public policy requires that these penalties should be paid.

The State has entered into the contract with the purchaser at a tax sale, whereby it has promised him a *bonus* upon the

Gage v. Pirtle. 503

Brief for the Appellee.    Opinion of the Court.

money invested.   Cooley on Taxation, (2d ed.) p. 545, sec. 13, chap. 16; *Garrick* v. *Chamberlain*, 97 Ill. 620.

The legislature has said the court must decree the repayment of the penalties.   Rev. Stat. chap. 120, sec. 224.

Messrs. SMITH & PENCE, for the appellee:

The rule requiring payment of the sum paid at the sale, and all subsequently paid taxes and assessments, with interest thereon, is the proper one.   *Reed* v. *Tyler*, 56 Ill. 288; *Barnett* v. *Cline*, 60 id. 205; *Reed* v. *Reber*, 62 id. 240; *Phelps* v. *Harding*, 87 id. 442; *Farwell* v. *Harding*, 96 id. 32; *Wilmerton* v. *Phillips*, 103 id. 78; *Moore* v. *Wayman*, 107 id. 192; *Smith* v. *Hutchinson*, 108 id. 662; *Peacock* v. *Carnes*, 110 id. 99; *Gage* v. *Hervey*, 111 id. 305; *Gage* v. *Nichols*, 11d id. 269; *Carne* v. *Peacock*, 114 id. 347.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill to set aside a tax deed as a cloud upon title, alleging as a reason therefor the insufficiency of the service of notice of the tax sale.   The court found that the notice given of the tax sale was insufficient, and decreed the relief sought, upon the terms of payment by the complainant to the defendant, within ten days, of the amount paid at the tax sale and all subsequently paid taxes, with interest thereon.   We think the court's finding was right as to the insufficiency of the service of notice, but that point is not pressed in the argument, the purpose appearing to be to get a decision of the question whether the court ordered payment of a sufficient sum of money as the condition of relief, appellant's counsel saying in his brief: "The discussion, then, is upon this question only, Did the trial court err in granting relief without directing the payment of such sum as would have been required to make a redemption, together with interest thereon?"   The tax sale was

on October 26, 1880, being for the taxes of 1871 to 1879, both inclusive. The tax deed was made on June 9, 1883.

*Gage* v. *Busse*, 102 Ill. 592, is relied upon by appellant's counsel as in support of the affirmative of this question. That case is not quite the present one. There was there a small amount of illegal tax included in the judgment for the sale. The bill to set aside the sale was filed a short time before the expiration of the time for redemption. It was there said: "It is not perceived that equity requires that appellant should be shorn of his rights, under the purchase, to any greater extent than in so far as they are affected by the amount of taxes erroneously included in the judgment. On that hypothesis, the decree ought to have been that complainants be allowed to redeem from the sale by paying the redemption money allowed by the statute had the judgment and sale been for the proper amount of taxes, which can be readily ascertained by deducting the erroneous tax from the amount of the judgment." As the sale there was confessedly just to the extent of the most part of the judgment, it seems to have been considered that the proceeding there should, in equity, be viewed as in the nature of an application to redeem. There was no reference in the opinion to any previous decision of the court, and however the decision may be viewed, under the circumstances of that case, it was not the intention there to depart from the long line of the former uniform decisions of the court, that the condition of the equitable relief granted upon the setting aside of a tax deed should be the payment of the amount paid at the tax sale, subsequent taxes paid, and interest. The long list of such decisions is cited in the brief of appellee's counsel. *Gage* v. *Busse* we do not regard as an authority sustaining appellant's claim that an amount equal to redemption money should in this case have been required to be paid.

It is insisted that the proviso to the act of the General Assembly, in force July 1, 1885, (Laws of 1885, p. 235,) amendatory of section 224, chapter 120, of the Revised Statutes,

requires the payment of such amount to be made. That pro-viso is as follows: "That any judgment or decree of court setting aside any tax deed procured under this act, shall pro-vide that the claimant shall pay to the party holding such tax deed all taxes and legal costs, together with all penalties, as provided by law, as it shall appear the holder of such deed, or his assignors, shall have properly paid. or be entitled to in procuring such deed, before such claimant shall have the ben-efits of such judgment or decree."

It is claimed that the term "penalties" embraces the amount of redemption money. The amount paid for redemption from a tax sale is not styled a penalty in the provision of the statute for redemption from a tax sale. There are penalties spoken of in the Revenue act, as in the order of sale, that "the court shall give judgment for such taxes and special assess-ments and penalties as shall appear to be due." Those pen-alties may satisfy the term "penalties" used in this proviso, without making it necessary to resort to the money paid on redemption to find application for the term. The penalties to be paid, by this proviso, are penalties which the holder of the tax deed, or his assignors, shall have paid or be entitled to in procuring the tax deed. Money paid on redemption is not money paid by the tax sale purchaser, or which he was entitled to in procuring his tax deed, or otherwise. It is money paid by the land owner, and paid, not to procure, but to prevent a tax deed. It is not money the tax sale purchaser was ever entitled to have.

The provision of the statute respecting redemption is, that real property sold for taxes may be redeemed, at any time before the expiration of two years from the date of sale, by payment of the amount for which the same was sold, and twenty-five per cent thereon, if redeemed before the expiration of six months from the day of sale; if between six and twelve months, fifty per cent; if between twelve and eighteen months, seventy-five per cent; and if between eighteen months and

two years, one hundred per cent on the amount for which the same was sold. The person redeeming shall also pay the amount of all taxes and special assessments accruing after the sale paid by the purchaser, with ten per cent interest thereon. These are the amounts, it is claimed, which were required to be paid here by the above proviso of the statute of 1885. We do not so think. It would not seem reasonable to require the land owner to pay such amounts in order to have set aside a tax deed upon his land which had been wrongfully obtained. It would be equitable that he should refund to the tax sale purchaser the amount paid upon the purchase, and all taxes, charges upon the land, paid by the latter, with interest, and we think that is all which the statute requires to be paid,— that the statute really does no more than to enact what this court had decided should be paid as the condition of having a tax deed set aside. Had it been the intention that the land owner should pay an amount equal to the sum which would had to have been paid upon redemption of the land from the tax sale, it would have been quite easy to have so said in plain terms, instead of expressing such purpose in the blind and roundabout way of this statute.

The decree must be affirmed.

*Decree affirmed.*