## JACOB GLOS et al.

### v.

## BRIDGET GERRITY.

*Opinion filed June 19, 1901.*

1. EVIDENCE—*when deed is properly admitted in evidence.* A deed executed in the State of Pennsylvania and acknowledged before a notary public in that State, the certificate of acknowledgment being in due form under our statute and authenticated by the seal of the notary, is properly admitted in evidence in an action to remove cloud from title, without a certificate that the acknowledgment was in conformity with the laws of Pennsylvania.

2. SAME—*what makes a prima facie title in complainant in bill to remove cloud.* A *prima facie* title in the complainant in a bill to remove a cloud is established by proof of complainant's deed, and that, claiming to own the lots under the deed, complainant entered into the actual, exclusive possession of them, paid the taxes, built fences and made repairs, and was so in the open and exclusive possession, under claim of ownership, prior to and at the time of the institution of the suit.

3. ACCOUNTING—*when accounting is unnecessary under bill to remove.* Reference to the master for an accounting is unnecessary under a bill to remove a tax deed as a cloud, where the defendant paid the taxes but once after purchasing the property at a tax sale, and where there are no counter-claims and no complicated or intricate matters of account to be investigated.

4. INTEREST—*only legal interest is allowable to defendant on setting tax deed aside.* Interest at the rate per cent bid at a tax sale as for a penalty, under section 202 of the Revenue act, (Laws of 1895, p. 299,) though necessary to be paid to effect a redemption from the sale, will not be awarded in fixing the equitable terms upon which a decree canceling a tax deed shall become effective.

5. DOWER—*wife's inchoate dower right terminates upon setting aside of husband's tax deed.* Upon the cancellation of a tax deed to a husband the wife's inchoate right of dower terminates at once, the seizin of the husband having been defeated.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

JACOB GLOS, *pro se,* and EMMA J. GLOS, *pro se.*

OLIVER & MECARTNEY, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

On a bill in chancery filed by the appellee for the purpose, the circuit court of Cook county entered a decree canceling of record a tax deed held by the appellant Jacob Glos to six certain lots in Normal Park addition to the city of Chicago, as a cloud on the title of the appellee to said lots.

The complaint appellee did not establish the requisite interest and title to the property to authorize the granting of the relief is not well founded. The deed from Downing and wife purporting to convey the lots to appellee was executed and acknowledged in the State of Pennsylvania before a notary public. The certificate of acknowledgment is in due form under our statute and is authenticated by the seal of the notary. A certificate that the acknowledgment was in conformity with the laws of the State of Pennsylvania was not essential to the admissibility of the deed in evidence. (*Dawson* v. *Hayden*, 67 Ill. 52; *Post* v. *First Nat. Bank*, 138 id. 559.) The date of the acknowledgment of this deed is May 12, 1892. It was proven that appellee, claiming to own the lots under the deed, entered into the actual and exclusive possession of them, paid the taxes thereon, built fences, made repairs, etc., and was in such open, actual and exclusive possession under such claim of ownership prior to and at the time of the institution of the suit. A *prima facie* title in appellee was thus established. In the absence of countervailing proof such evidence of title in the appellee was sufficient to entitle her to maintain a bill to remove a cloud on the title. (*Hughes* v. *Carne*, 135 Ill. 519.) The only evidence as to title or right in either of the appellants was the tax deed to appellant Jacob Glos, which was found to be void, and the correctness of this finding is not questioned, hence the title of appellee was sufficiently established.

The cause was heard before the chancellor in open court. After the evidence had been heard and the court

had announced its finding that the tax deed should be
canceled as a cloud on appellee's title on condition the
appellee should pay to the appellant Jacob Glos, within
ten days, the sum of $107.40, and to the appellant Emma
J. Glos the sum of three dollars, as the terms and condi-
tions of granting such relief, and after the appellee had
tendered said sums to said appellants, respectively, and
deposited the same in court for them, they having refused
to accept such tender, the appellant Jacob Glos entered
his motion that the cause be referred to a master in chan-
cery "to take an accounting and report the amount said
defendants would be entitled to receive as condition of
granting the relief prayed in said bill." The chancellor
did not err in overruling this motion. The appellant
Jacob Glos purchased the said lots at the tax sale in the
year 1897 for the taxes of 1896 and the costs. He made
but one payment of taxes thereafter,—that for the year
1898. He obtained a deed in August, 1900. There were
no counter-claims and no complicated or intricate mat-
ters of account to be investigated. The court wisely ex-
ercised the discretion with which it is vested to decline
to refer the account to a master. (*Belleville* v. *Citizens' Rail-
way Co.* 152 Ill. 171; *Cusack* v. *Budasz*, 187 id. 392; 17 Ency.
of Pl. & Pr. 1000.) Ample opportunity was given both
parties to produce testimony and be fully heard.

The court required the appellee to pay interest, at the
legal rate only, on the amount paid by appellant Jacob
Glos at the tax sale. This ruling was correct. Interest
at the rate per cent bid thereon as for a penalty under
the provisions of section 202 of the Revenue act of 1895,
(Hurd's Stat. 1899, p. 1428,) though necessary to be paid
to effect a redemption from the sale under the statute,
will not be awarded in fixing the equitable terms and
conditions upon which a decree canceling a tax deed
shall become effective. *Gage* v. *Pirtle*, 124 Ill. 502; *Ames*
v. *Sankey*, 128 id. 523; *Gage* v. *DuPuy*, 137 id. 652.

The appellant Jacob Glos was notified to produce on the trial the tax receipt showing the payment of the taxes for the year 1898, but stated he could not find it. The court admitted in evidence a certified copy of the collector's book showing the taxes for that year together, with the memoranda entered by the collector showing that payment of such taxes had been made by appellant Jacob Glos. The appellant now complains the copy was not certified to by the proper officer, that there was no warrant attached to the collector's book, and that the amount shown on such copy is only the amount of the taxes, and does not include interest in the sum of forty-five cents, and costs in the sum of ninety-six cents. It appeared from the record that when the court completed the computation of the amount to be paid to appellant Jacob Glos by appellee, and announced the same to be $107.40, the appellee immediately, in open court, tendered the sum to the appellant Jacob Glos. Counsel for appellee said to appellant Jacob Glos, "I tender you, Mr. Glos, $107.40; do you accept it?" Mr. Glos replied, "The money is not legal tender." Counsel for appellee said, "You refuse to accept the tender, Mr. Glos?" Mr. Glos replied, "I decline it on the ground it is not legal tender money." The court directed the money to be deposited with the clerk for appellant Jacob Glos. The application of the maxim *de minimus non curat lex*, or of the rule that when the refusal of a tender is placed upon another specific ground the objection that the amount tendered was not sufficient ought not to be allowed to be made, justifies us in declining to enter upon an investigation to ascertain whether the amount so awarded appellant by the court should have been larger in the sums of forty-five cents and ninety-six cents, respectively, as urged by the appellant.

Appellant Emma J. Glos has filed a separate brief. She is the wife of appellant Jacob Glos. The decree canceled the tax deed to Jacob and declared Emma J. was

without dower right, or any interest or title in the premises. She insists her right of dower can only be released in the mode pointed out by the statute, and that the adjudication of the court as to her dower right is erroneous. The seizin of the husband having been defeated, the inchoate right of the wife to dower at once terminated. *Stribling* v. *Ross*, 16 Ill. 122; *Kusch* v. *Kusch*, 143 id. 353.

The decree is affirmed.                    *Decree affirmed.*