Elmer McCraney

*v.*

Jacob Glos *et al.*

*Opinion filed October 23, 1906.*

1. Tax deeds—*deed is void if clerk's certificate is not made on day advertised for sale.* A tax deed is void if the county clerk's certificate respecting his examination of the delinquent list is made on any other day than the day advertised for the sale.

2. Same—*filing delinquent list with "county clerk" is not sufficient.* Filing the published delinquent list with the "county clerk" is not a compliance with section 186 of the Revenue act, requiring such list to be filed as part of the records of the county court, notwithstanding the act upon the construction of statutes provides that the words "county clerk" shall be held to include "clerk of the county court," since in a proceeding for the collection of taxes the statute must be strictly followed.

3. Evidence—*printed statute books of a foreign State are evidence.* Under section 10 of the Evidence act, providing that the printed statute books of foreign States purporting to be printed under the authority of such States shall be evidence of the acts contained therein, a statute book stating on its title page that it is published by the authority of the State is admissible in evidence to show that the acknowledgment of a deed taken in such State is in proper form.

4. Cloud on title—*what proof sufficient to entitle complainant to decree.* Proof of a deed to complainant, coupled with possession of the premises, is *prima facie* sufficient to entitle complainant to a decree removing a tax deed as a cloud on title, in the absence of countervailing proof of a better title in the defendants.

5. Deeds—*holder of void tax deed can convey no interest.* A deed purporting to convey a one-third interest in premises to the grantor's wife conveys nothing where the grantor's only title is a void tax deed.

Appeal from the Superior Court of Cook county; the Hon. Jesse Holdom, Judge, presiding.

William Gibson, and Arthur E. Beers, for appellant.

Jacob Glos, *pro se,* (John R. O'Connor, of counsel, and for Emma J. Glos.)

Mr. Justice Vickers delivered the opinion of the court:

Elmer McCraney filed a bill in the superior court of Cook county to cancel a tax deed as a cloud upon his title to lot 36 in block 16, in Taylor's second addition to the town of South Chicago. The tax deed was issued to Jacob Glos under a sale for general taxes September 3, 1891. The court below dismissed the bill, and the complainant appeals to this court.

The tax deed involved is void, first, because the certificate of the clerk of the county court of Cook county was dated on the 16th day of July, 1891, when the sale was advertised to occur on the 10th day of August, 1891. Section 194 of chapter 120, Hurd's Revised Statutes of 1905, provides that the county clerk shall carefully examine the delinquent list upon which judgment has been rendered, "on the day advertised

for sale," and shall make a certificate, which "shall be the process on which all real property or any interest therein shall be sold for taxes." This section of the statute is mandatory, and a certificate made on any other day than the day advertised for sale is void. *Kepley* v. *Scully*, 185 Ill. 52; *Kepley* v. *Fouke*, 187 id. 162; *Glos* v. *Gleason*, 209 id. 517; *Glos* v. *Hanford*, 212 id. 261; *Glos* v. *Dyche*, 214 id. 417.

This tax deed is also void for the further reason that section 186 of the Revenue law was not complied with. This section requires that the published delinquent list shall be certified to by the "printer, publisher or financial officer or agent of the newspaper publishing the list of delinquent lands and lots," and one copy of said delinquent list shall be presented by the collector to the county court at the time judgment is prayed, "and said copy shall be filed as a part of the records of said court." The delinquent list in the proceeding at bar was filed by "Henry Wulff, county clerk." A filing by the county clerk is not a compliance with the law requiring the filing to be in the county court. "County clerk" and "clerk of the county court" are distinct offices although they may be filled by the same person, and a filing by the former is not a compliance with a revenue statute which requires a filing in the county court. *McChesney* v. *People*, 174 Ill. 46; *Glos* v. *Woodard*, 202 id. 480; *Glos* v. *Hanford, supra.*

We are aware that the eighth clause of section 1 of chapter 131, (Hurd's Stat. 1905, p. 1946,) on the subject of "Construction of Statutes," provides that "the words 'county clerk' shall be held to include 'clerk of the county court,' and the words 'clerk of the county court' to include 'county clerk,'" and that that rule of construction should prevail "unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute;" but it is a general rule, and one well understood, that in a proceeding for the collection of taxes, where the owner may be deprived of his property, the requirements of the statute must be strictly followed. *McChes-*

*ney* v. *People,* 148 Ill. 221.   See, also; *McChesney* v. *People,* 174 Ill. 46; *Glos* v. *Hanford, supra.*

To show title in appellant he relied on actual possession of the lot under a deed dated August 31, 1897, from Catherine Tromley and her husband, purporting to be acknowledged on the 14th day of September, 1897.   The deed was executed in the State of Iowa and acknowledged before Henry S. Mc-Caffery, notary public in Scott county, Iowa.   An affidavit of the loss of the original deed having been filed, a certified copy was offered in evidence.   The certificate of acknowledgment was not in compliance with the Illinois statutes, and an attempt was made by appellant to prove that the certificate of acknowledgment of the notary was in conformity with the laws of Iowa.   There was no certificate of any clerk of a court of record of Iowa certifying that the acknowledgment was in accordance with the Iowa law.   Appellant offered to introduce sections 27, 2942 and 2948 of the "Code of Iowa." These sections were found in a bound volume of printed laws obtained by appellant's counsel from the Law Institute.   On the first page of the volume containing the sections offered was the following:

"CODE OF IOWA.
ANNOTATED.
1897.

ANNOTATED CODE
*of the* STATE OF IOWA.
Containing all the Laws of a General Nature Enacted by
the Twenty-Sixth General Assembly at the Extra
Session which Adjourned July 1, 1897.

PUBLISHED BY AUTHORITY OF THE STATE.
Des Moines, Iowa.

*F. R. Conway, State Printer, 1897.*"

The court below sustained the objection to the printed laws of Iowa, and there being no other proof that the acknowledgment was in accordance with the laws of Iowa the court struck out the evidence relating to the deed and dismissed the bill.   In this ruling there is manifest error.   Sec-

tion 10 of chapter 51, (Hurd's Stat. 1905, p. 1036,) entitled "Evidence and Depositions," provides: "The printed statute books of the United States, and of this State, and of the several States, of the territories and late territories of the United States, purporting to be printed under the authority of said United States, any State or territory, shall be evidence in all courts and places in this State, of the acts therein contained." Under this section the printed statutes of Iowa purporting to be printed under the authority of said State were clearly admissible in evidence. The word "purporting" means what appears on the face of the instrument. It means the apparent, and not the legal, import. (23 Am. & Eng. Ency. of Law,—2d ed.—527.) Here it appeared, and the title page expressly stated, that the statutes offered in evidence were published by authority of the State of Iowa. This was all that the law requires. The copy of the deed offered should have been admitted in evidence, which, taken in connection with the proof of possession, was *prima facie* proof of title, and sufficient to warrant a decree in favor of appellant in the absence of countervailing proof of a better title in the appellees. *Glos* v. *Gerrity,* 190 Ill. 545; *Hughes* v. *Carne,* 135 id. 519.

The only evidence of title in appellee Jacob Glos was the tax deed, which, as we have seen, is void. The deed from Jacob Glos to Emma J. Glos, his wife, for a one-third interest in this lot conveys nothing, since Jacob Glos had no title except as above stated.

The decree of the superior court is reversed and the cause remanded to that court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*