432    APPELLATE COURTS OF ILLINOIS.

VOL. 129.]    Ill., Ia. & Minn. Ry. Co. v. Minnihan.

## Illinois, Iowa & Minnesota Railway Company v. James Minnihan.

### Gen. No. 4,704.

1. ORDINANCE—*what not sufficient proof of.* An ordinance is not proved by the introduction of a pamphlet purporting to contain the same, which does not purport to have been published by the authority of the city council and where no certificate signed by the city clerk has been appended thereto.

2. VERDICT—*gross excessiveness of, ground for reversal.* Where it appears that the verdict is grossly excessive, a reversal will be ordered.

Action in case for personal injuries. Appeal from the City Court of Aurora; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed November 9, 1906.

MURPHY, ALSCHULER & CLYNE, for appellant.

GEMMILL & FOELL, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

James Minnihan was at work as a common laborer in digging a ditch to lay a water main from the water mains of the city of DeKalb within the city limits to a piano factory outside the city limits. This ditch was being dug along a highway called Pleasant street and underneath the railway tracks of the C. & N. W. R. R. Co. and the C., G. W. R. R. Co. where they cross Pleasant street near each other.

Shortly after five o'clock P. M. of November 16, 1904, Minnihan left his work and started in a northwesterly direction towards a certain shed. The Illinois, Iowa & Minnesota Railway Company was using a track of the Great Western road and had control of an engine of the Kenefick Construction Company which was working for said railway company. The engine of the Kenefick company was backing north. Minnihan

stepped in front of the engine and was struck, apparently by a corner of the tender, and was knocked from the track and was hurt. He brought this suit to recover damages from the Illinois, Iowa & Minnesota Railway Company which had control of said engine. The first count of the declaration charged careless and negligent operation of the engine. The second count charged that there was then in force in the city of DeKalb an ordinance limiting the speed of trains, which the company then violated. The third count charged an ordinance requiring every engine running in the night to have a brilliant and conspicuous light on the end towards which the engine was running, and that the company was violating that ordinance. The fourth count charged failure to ring a bell or give any warning of the approach of the engine. The fifth or additional count charged that the engine was wantonly, wilfully, carelessly and negligently operated over said street after dark without a headlight at a dangerous rate of speed. The court instructed that no recovery could be had under the second count, and no cross-errors are assigned on that action. Plaintiff had a verdict and a judgment for $8,000, and defendant appeals.

Plaintiff produced a pamphlet which his counsel alleged was a book of revised ordinances of the city of DeKalb, and offered therefrom an ordinance requiring that an engine backing up in the night time in the city of DeKalb should have a conspicuous light on the rear. Objections thereto were overruled. Among these was the objection that there was no proof of publication and no proof that the book had been published by the authority of the city council. Plaintiff only met this objection by offering the printed certificate at the end of the volume with a printed statement that a seal was attached. If the book had contained at the end this certificate signed by the clerk with the corporate seal attached, it would have been

434    APPELLATE COURTS OF ILLINOIS.

VOL. 129.]    Ill., Ia. & Minn. Ry. Co. v. Minnihan.

sufficient to admit this ordinance. But this certificate was not signed by the clerk nor did it have a corporate seal. It clearly appears that it was printed. The ordinance, therefore, could not be admitted under section 14 of the chapter of the Revised Statutes upon Evidence. If admissible at all, it was under section 4 of article 5 of the general act incorporating cities, which provides that "when printed in book or pamphlet form and purporting to be published by authority of the board of trustees or city council the same need not be otherwise published; and such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances * * * in all courts and places without further proof." No proof was made that this book was published by authority of the city council, unless the recitals in the printed certificate at the end of the volume are proof of that fact. The statement by plaintiff's attorney was not proof of such publication. Statutes and ordinances are sometimes published by private enterprise, and a book so published is not by our statutes made competent proof of such statutes or ordinances or of their due passage and publication or of any other formalities required to make them effective. The fact that such book is published by the proper legal authority to make it competent proof of these matters, is usually stated upon the title page, and a statement on the title page that it is published by such authority makes it competent proof. McCraney v. Glos, 222 Ill. 628. If the title page of this book showed that it was published by authority of the city council, such title page should have been put in evidence. But if the certificate at the end of the book can be considered sufficient to show that the volume purports to be printed by authority of the city council, still it was improperly admitted. There was very little, if any, competent proof that Pleasant street at this place was within the city limits. But still further, the proof seems to show that Minni-

Ill., Ia. & Minn. Ry. Co. v. Minnihan.

han was struck after he had left the street and gone upon the private right of way of one of the railroad companies, and there appears to be no proof that the place where he was struck and injured was within the city limits, and without such proof the ordinance was incompetent, for these ordinances were not effective in territory beyond the city limits.

Under the proof in the present record the damages awarded are so excessive as to indicate that the jury were actuated by improper motives. Plaintiff was laid up for a few months and was under the care of two physicians. He did not call these physicians as witnesses. His excuse as to one of them was that he had heard that such physician had gone away on a visit or trip. No effort was made to subpœna such witness before he left or to take his deposition or to procure a continuance because of his absence, and the other physician was not called. The proof of the extent of plaintiff's injury rests upon his own testimony and upon that of a medical man from Chicago who first saw plaintiff a few days before the trial and made but one examination. The verdict is so large in amount that it ought not to stand, under the present proofs.

As the case must be remanded for another trial, we deem it unnecessary to consider the other questions argued, except to say that upon many of the allegations of negligence upon which plaintiff offered proof it is a serious question whether the preponderance of the testimony is not against him.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*