**J. Emery Laub, Appellee, v. Joel M. DeVault, Appellant.**

Gen. No. 4,794.

1. Vendor and vendee—*when latter cannot recover purchase price.* A vendee cannot recover any sum paid upon the purchase of land upon the ground that the agreement was to convey a clear title when as a matter of fact the land in question was encumbered, unless it appears that such vendee was entitled to a conveyance prior to the full payment of the purchase price.

2. Evidence—*when witness not permitted to testify after refreshing recollection.* It is true that a witness may refresh his recollection from any memorandum made by him or made under his direction, but before he can be heard to testify he must be

Laub v. DeVault.

able to say that after examining the memorandum he does remember that he had a personal knowledge of the subject.

3. EVIDENCE—*when printed statutes not competent*. *Held*, that printed statutes purporting to show the laws of a sister State are not competent where they do not purport to have been published by authority, notwithstanding the same are accompanied by a certificate signed by the attorney-general and secretary of state of the State in question, in which such officers certify that they had examined and compared the book in question and were satisfied that it contained all the laws of a general nature in force at the time of the certificate.

Assumpsit. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

BARNES & MAGOON, for appellant; C. N. BARNES and QUINN, QUINN & OTMAN, of counsel.

JOS. A. WEIL, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

J. Emery Laub, appellee, brought suit in assumpsit in the Circuit Court of Peoria county, against Joel M. DeVault, appellant, to recover $1,300 with interest thereon, paid on the purchase price of land in Kansas. The declaration contained the common counts only, to which a plea of the general issue was interposed. There was a trial and verdict for appellee for $1,518.10, a motion for a new trial overruled, judgment entered on the verdict, and this appeal.

Appellant urges as reasons for the reversal of the judgment that a recovery cannot be maintained on the common counts; that the court erred in the admission of evidence; that appellee could not rescind the contract and maintain suit without first tendering payment and demanding a conveyance of the land, and that certain instructions given for appellee were improper.

Appellee's contention is that the contract was oral and made in Lacon, Illinois, in May, 1903, and that the balance of the contract price was to be paid the first of January,

1904, when appellant was to furnish good title to the land or refund him his money. Later, the date of the settlement was changed from January 1 to January 7, 1904. On the trial he introduced evidence which if competent tended to show that there was a mortgage and oil leases on the land which were encumbrances.

If appellee's contention is correct that the contract for the sale of the land was oral, then it was not enforceable and appellee could sue and recover back the money under the common counts as money had and received for his use, without showing defects in the title or offering any excuse for failure to take the land. Appellant's contention is that the contract was in writing and made in Cherryvale, Kansas.

Where the contract was made, and whether it was oral or in writing, are questions upon which the evidence is conflicting with an apparent decided preponderance in favor of appellant's contention. If the contract was in writing and appellee paid the money thereon as appellant contends, then appellee could not recover back the consideration advanced merely upon proof of encumbrances upon the land, for the reason that appellant had until appellee tendered the final payment in which to remove the encumbrances and perfect the title (subject, of course, to the Statute of Limitations). Augsberg v. Meredith, 101 Ill. App., 629, and cases there cited. Appellee did not claim that he tendered the money due under the contract.

Appellant introduced in evidence a land contract dated May 14, 1903, purporting to be between S. O. Adams and wife and J. E. Laub, providing for the sale by first party to second party of the N. E. ¼, section 10, T. 32, R. 17 (being the land in question), for $5,800, and providing that the second party assumed one certain mortgage of $2,000, to Deming Investment Co. of Oswego, Kansas, and also subject to all conditions of a gas and oil lease, dated May 15, 1899, given by A. G. McCormick and wife to the Cherryvale Gas Co., and also providing that the first party reserves the crop of 1903, and pays the second party 6 per cent interest on $700 paid May 14, 1903, to January 1, 1904, and providing that $3,000

Laub v. DeVault.

be paid January 1, 1904. Said contract was signed as follows:

"S. O. Adams,        [Seal]

Belle B. Adams,      [Seal]

J. M. DeVault,      [Seal]

Ag't for J. E. Laub."

Appellant and three other witnesses testified that appellee was in Cherryvale, Kansas, on the 14th day of May, 1903, the day of the execution of the contract, and that they were present in the office of one Hannum at the time appellee produced a draft for $1,300, payable to appellant, and that when the draft was tendered as part payment of the land it was remarked by Hannum that the draft was payable to appellant and appellee told appellant to get the money on the draft and to sign the contract for the sale of the land as his agent.

To refute this testimony appellee testified that he was not in Cherryvale, Kansas, on the 14th day of May, 1903, but was in Lacon, Illinois, and that he did not authorize appellant to sign the contract as his agent. To corroborate his testimony as to his whereabouts on May 14, 1903, appellee produced one L. H. Allen, a lumber dealer in whose employ he was when at home, who testified over appellant's objection, that appellee was in Lacon, Illinois, May 12, 13, 14, 15 and 16, 1903; that his firm kept a scratch book which they posted into the journal, that the entries were made by the person waiting on the customer, that it contained original entries made either by himself or appellee on the days above mentioned and that the entries were true and correct. He also testified that appellee was in their yard working for him May 12, 13, 14, 15 and 16, 1903, that he had a transaction with appellee on the 12th of May, 1903, involving $1,000, and that three entries in the scratch book on that date were in Laub's handwriting. He stated on cross-examination that he had no independent recollection aside from what the books and papers showed where Laub was on the 14th of May, 1903, and that the testimony that he had given as to

where he was on the 12th, 13th, 14th, 15th and 16th of May, 1903, was simply what he thought his books showed and not his independent recollection, and that he had no recollection of the date of the $1,000 transaction aside from what his books showed. Whereupon appellant moved the court to exclude the evidence of Allen as to Laub's being in Lacon continuously from May 12 to May 16, inclusive, 1903, and assigned in support of the motion, his testimony that he merely gave his notion of what his books, papers and memoranda showed and not his recollection. The court denied the motion and appellant preserved an exception thereto.

We are of the opinion that when it appeared, as it did by Allen's cross-examination, that he had no personal knowledge of appellee's whereabouts on the days mentioned, and no recollection thereof after examining the book, this evidence should have been excluded and the jury instructed to disregard the same. It is true that a witness may refresh his recollection from any memoranda made by him or under his direction, but before he can be heard to testify, he must be able to say that after examining the memoranda, he does remember, that he had a personal knowledge of the subject.

In Dunlap v. Berry, 4 Scammon, 327, it said, "It has been held by this court that a witness may use a memorandum to refresh his memory, but while the witness may use the memorandum to refresh his memory he must be able to state that he remembers the facts. If he had no recollection of the circumstances and can only say they are true because he finds them on his memorandum it would not be proper to permit the witness to either read or speak from the memorandum * * * but the witness must be able to say the facts therein noted are true."

Allen did not claim that he remembered appellee's presence on either of the days mentioned, and it is not strange as he did not make the memoranda and he had no definite personal means of knowing its truth. The book was not admitted in evidence and properly. But to exclude the book and permit evidence of the entries to remain in the record as was the case in not excluding from the record Allen's

Laub v. DeVault.

testimony of appellee's whereabouts on the day it was claimed appellee was in Cherryvale, Kansas, which he testified was based upon what he thought his memoranda showed, is, in our opinion, clearly erroneous and may have influenced the jury in their verdict.

If it had been shown that the entries on the book had been made from day to day in the regular course of business so that the entries could not have been interpolated and could not have been made except on the day on which they purported to have been made, and that they were in appellee's handwriting, then the book in connection with that testimony would have been competent, because if appellee made an entry in that book in Lacon, Illinois, on the day the contract was made in Cherryvale, Kansas, he must have been in Lacon and could not have been in Cherryvale, Kansas, at the same time.

If appellant's version of the contract is correct, then the evidence of the encumbrances on the land introduced by appellee was insufficient, for the reason that certain sections of the statutes of Kansas were essential to establish the existence of the mortgage and oil leases. It is true that appellee offered and the court admitted over appellant's objection, sections 1731 and 4820 in a book the title page of which reads as follows:

"GENERAL STATUTES
OF KANSAS
—1901—
Authenticated.
Being a compilation of all the laws of a General Nature, including the Session Laws of 1901.
Based upon the
GENERAL STATUTES OF 1868.
And Dassler's Compiled Laws of 1885.
Annotated to and including Kansas Reports, Volume 61, and Kansas Appeals Reports, Volume 9.
By F. O. Dassler
Of the Leavenworth Bar.
Crane & Company, Publishers,
Topeka, Kansas.
1901."

As a basis for the introduction of said sections, appellee offered in evidence a certificate signed by the attorney-general and secretary of state of the State of Kansas, in which they stated that they had examined and compared the General Statutes of Kansas, 1901, and were satisfied that they contained all the laws of a general nature now in force. Section 10, chapter 51, Hurd's R. S. 1905, entitled "Evidence and Depositions," provides, "The printed Statutes of the United States and of this State, and of the several States, of the territories and late territories of the United States, purporting to be printed under the authority of said United States, any State or territory, shall be evidence in all courts and places in this State, of the acts therein contained." In McCrancy v. Glos, 222 Ill., 628, in construing this section, the court held that the printed statutes of Iowa purporting to be printed under the authority of said State were admissible in evidence. In this case the title page referred to showed that the statutes offered in evidence were published by Crane & Company, Topeka, Kansas, but there is nothing to show that it was done under the authority of the State of Kansas. Statutes are sometimes published by private enterprise, but a book so published is not by our statute made competent proof of their due passage or any other formality required to make them admissible. We do not consider that the certificate of the attorney-general and the secretary of state met the requirements of section 10, chapter 51, Hurd's R. S. 1905, and therefore the admission in evidence of the Kansas Statutes was error.

As the case must be remanded for another trial, we deem it unnecessary to consider the other questions argued.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*