### Henry Kroll, Administrator, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Appellant.

### Gen. No. 5,167.

1.  EVIDENCE—*when, of ordinance, incompetent.*   A book purport-
ing to contain a municipal ordinance is not competent if it does
not purport "to have been published by authority" of the city coun-
cil.

2.  ORDINANCES—*when publication essential to validity.*   An ordi-
nance imposing a fine to be valid is required by the City and Vil-
lage Act to be published, or in the absence of a newspaper, to be
posted in manner as specified by such act.

3.  DAMAGES—*when   excessive   in   action   for   death   caused   by
alleged wrongful act.*   A judgment for anything much in excess of
nominal damages is improper if it appears by the evidence that the
deceased was at the time of the accident unable even to support
himself.

Action in case for death caused by alleged wrongful act.   Appeal
from the Circuit Court of Jo Daviess county; the Hon. R. S. FAR-
RAND, Judge, presiding.   Heard in this court at the April term, 1909.
Reversed and remanded.   Opinion filed October 19, 1909.

Woodward & Lees and W. Spensley, for appellant.

Hodson & Campbell, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

This is an action brought by Henry Kroll, administrator, etc., for negligence alleged to have caused the death of Winfield McGaughey, for the benefit of the surviving widow and son of deceased, against the Chicago, Burlington and Quincy Railroad Company, appellant. The declaration contains nine counts. A demurrer was sustained to the first five counts and issue was joined upon the other four counts. On a trial the jury returned a verdict for plaintiff for $1,500 upon which judgment was rendered and the defendant appeals.

The plaintiff assigns cross errors upon the overruling of the demurrer to the first five counts. None of these counts avers that the action of the defendant was wanton or wilful; each of them avers that the deceased was inside a building known as "East Cabin" when he was injured, but none avers any right or reason for his being in said building which was on the right of way of the railroad. Under such averments the defendant owed no duty to the deceased except to refrain from wilfully or wantonly injuring him. None of these counts therefore states a cause of action against the defendant and there was no error in sustaining the demurrer thereto.

The remaining four counts aver that the deceased was killed by the wanton and wilful negligence of the defendant. The seventh count avers that there was an ordinance in the city of East Dubuque limiting the speed of trains. This count, as set out in the record, does not contain any averment as to the speed at which the train was run, neither does it aver that the train was run at a speed violating the ordinance. There is no other count of the four on which the trial was had which avers any violation of any ordinance.

The plaintiff offered in evidence what purported to be an ordinance of the city of East Dubuque, which was admitted over the objections of the defendant. There is no count in the declaration upon which a judgment can be sustained for a violation of the ordinance. The ordinance offered is in a written book. The mayor of the city testified that the book is a book containing the city ordinance, and a former clerk testified that it was in his writing. There was a certificate of the clerk that it was one of the ordinances and beneath the certificate are the words "published by posting, Dec. 7th, 1886." The book offered in evidence is not printed and does not purport to be published by the authority of the board of trustees. Section 64 of chapter 24 of the City and Village Act requires that all ordinances imposing any fine shall be published in a newspaper of the city or village or if no newspaper is published therein, by posting three copies in three public places in the city or village.

There was no proof that there was then no newspaper published in the city nor was there any testimony as to how many places the ordinances were posted; there was therefore no sufficient proof to make the supposed ordinance competent evidence and it was improperly admitted.

Appellee contends that wilful and wanton negligence of the appellant was proved: first, by a violation of this supposed ordinance in the running of the train at a greater rate of speed than the ordinance permitted within the city; and second, by not commencing to stop the train at a greater distance from "East Cabin" because of some defect in the operation of air brakes on the train of appellant of which the employes of appellant had knowledge. We cannot know upon which of these grounds the jury found that the conduct of defendant was wanton and wilful, and the admission of the supposed ordinance in evidence was reversible error.

The proof shows that the deceased was in a building known as "East Cabin" on the right of way of

appellant in the city of East Dubuque. It is claimed by appellee that at this place the tracks of three railways converge to a single track over which they pass to the city and that it was the duty of the appellant to stop or have its trains under complete control before it reached "East Cabin," and not to proceed without a signal from a telegraph operator stationed therein. At the time of the accident the passenger train of appellant came to the place where the railroads converge to one track rapidly and struck some cars of another railway on the single track and forced one of them off of the track and against the side of the building known as "East Cabin," demolishing the building and killing plaintiff's intestate who was therein.

The damages alleged are for injury to the loss of the means of support of the widow and child. The evidence shows that the deceased was not living with his wife; that he had no employment and was unable to work because of a stroke of paralysis which he had suffered some four or five years before the accident. He was at and before the time of the accident so badly affected that his right side was paralyzed; he was unable to use his right arm, was unable to earn his living, was almost helpless and his speech was affected. The proof also shows that it was unknown whether the wife of the deceased was living or not. Even if appellee is entitled to recover, still under the evidence as it appears in this record a judgment could not be sustained for $1,500, as it is apparent from the evidence in the record that the deceased was unable to support himself, much less to contribute to the support of any other person. A judgment for little more than nominal damages could be sustained if a cause of action should be proved under the declaration. For the error in admitting the ordinance without the proper preliminary proof the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*