**Katherine Rogowicz, Administratrix, Appellee, v. Hursen Undertaker, Inc., Appellant.**

**Gen. No. 28,115.**

1. EVIDENCE—*proof of ordinance by private publication.* It is error for the trial court to admit in evidence, for the purpose of proving an ordinance of the City of Chicago, a pamphlet published by the city clerk which purports to contain the city ordinances on a particular subject, the ordinance in question being included, where it contains no certificate of the city clerk or seal of the corporation, and does not purport to have been published by authority of the city council as required by Cahill's Ill. St. ch. 24, ¶ 68, and is not a certified copy of the ordinance within the meaning of Cahill's Ill. St. ch. 51, ¶ 15, relating to proof of such matters.

2. HIGHWAYS AND STREETS—*admission of inapplicable motor vehicle ordinance in action for death by negligent use of streets as error.* It is error for the trial court to permit the introduction in evidence of a purported copy of an ordinance requiring motor vehicles, "overtaking" a standing street car receiving or discharging passengers, to stop not less than ten feet from such street car, in an action for damages for death resulting from injuries sustained when plaintiff's intestate was struck by defendant's automobile which passed, without stopping, a street car from which decedent had just alighted, where the street car and automobile were proceeding in opposite directions, such situation being controlled by other ordinances.

Appeal by defendant from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Reversed and remanded. Opinion filed March 13, 1923.

PETIT, CUMMINGS & SNIDER, for appellant.

JAMES L. BYNUM, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Cook county for $5,000 upon a verdict for that amount against defendant, appellant herein, in an action to recover damages claimed to have been sustained by the next of kin of Joseph Rogowicz, deceased, who was struck by defendant's automobile hearse and whose death resulted from the injuries so received. The accident occurred at about 4:30 o'clock p. m. April 7, 1920, at a point about sixty feet north of the intersection of Kedzie and Ogden avenues in Chicago. Kedzie avenue runs north and south and Ogden avenue runs diagonally across it in a northeasterly and southwesterly direction.

Just prior to and at the time of the accident defendant's automobile hearse was being driven in a northerly direction on Kedzie avenue across Ogden avenue. It was traveling in the easterly car track, which is used by northbound cars, and approached a street car going south upon the west track. The street car had stopped at the northwest corner of the street intersection to discharge passengers and was standing still when the hearse passed it. Defendant, accompanied by one Wfazsak, alighted from the rear platform of the car and passed around its rear end with a view to crossing to the east sidewalk of Kedzie avenue. Wfazsak made the crossing in safety but Rogowicz, who followed him, was struck by defendant's hearse and died from the injuries so received.

The declaration after setting forth the above facts charged defendant with negligence in the operation of the hearse and with violating the law in various particulars, a detailed statement of which is unnecessary.

An additional count charged defendant with the violation of the following ordinance of the City of Chicago:

"REGULATIONS FOR THE CITY OF CHICAGO GOVERNING MOTOR VEHICLES AND MOTORCYCLES. Sec. 2484(a). Vehicles to stop when street cars discharge or take on passengers. It shall be unlawful for any person driving or having charge, possession or control of any vehicle being driven or propelled or operated upon the streets of the City of Chicago upon overtaking any street car which is stopped for the purpose of discharging or taking on a passenger or passengers to permit or cause said vehicle to pass or approach within ten (10) feet of said car as long as the said car is so stopped or remains standing for the purpose of discharging or taking on a passenger or passengers." And further charged defendant with violating the statute regulating the speed of automobiles and with wanton and wilful negligence in the operation of its hearse.

We have carefully examined the evidence in the case and think it was sufficient to justify the court in submitting the case to the jury and in overruling defendant's motion for an instructed verdict. There was evidence in the record which, standing alone, was sufficient to sustain the verdict. *Libby, McNeil & Libby v. Cook*, 222 Ill. 206. Plaintiff sought to prove the ordinance set forth in the declaration by introducing in evidence a certain pamphlet entitled, "Regulations for the City of Chicago governing motor vehicles and motorcycles, including State Laws, City Ordinances and Park Ordinances. In force May 1, 1918. Issued with the personal compliments of James T. Igoe, City Clerk." This pamphlet was published by the city clerk as a convenient compilation of the regulations mentioned. We are of the opinion that the court erred in receiving it in evidence. It was ineffective for the purpose of proving that the ordinance was in force at the time of the accident. It contained no certificate

of the city clerk and did not bear the seal of the corporation. It did not purport to have been published by authority of the city council. A compliance with these conditions is necessary in order to render the pamphlet admissible in evidence. Cahill's Ill. St. ch. 24, ¶ 68. It cannot be regarded as a certified copy of the ordinance within the meaning of the statute making such a copy proof of an existing ordinance. Cahill's Ill. St. ch. 51, ¶ 15.

The ordinance should not have been received in evidence for the further reason that it was inapplicable to the facts involved in the present case. By its terms it is intended to apply to the case of a vehicle "overtaking any street car which has stopped for the purpose of discharging or taking on a passenger or passengers." The meaning of the word "overtaking" is clear and free from ambiguity. In order that a vehicle may "overtake" a street car, it must necessarily be traveling in the same direction as the street car. Such is the accepted meaning of the word according to reliable lexicographers whom it is unnecessary to quote. The ordinance has no application to the case of a vehicle passing a street car going in an opposite direction. The duties of a person operating a vehicle when passing another vehicle or a street car are determined by other laws and ordinances. The ruling of the trial court in receiving the pamphlet in evidence was reversible error, not only because it was not proved as required by law (*Illinois, I. & M. Ry. Co. v. Minnihan,* 129 Ill. App. 432; *Kroll v. Chicago, B. & Q. R. Co.,* 150 Ill. App. 438; *Taylor v. Illinois Cent. R. Co.,* 154 Ill. App. 222), but because it was irrelevant and not applicable to the case at bar. It follows that the instruction setting forth the ordinance in question was erroneously given and is a sufficient ground for a reversal of the judgment. While it is true, as appellee contends, that "it is not error to instruct in the language of the law itself," citing *Ward v. Meredith,* 220

Ill. 66, and other cases, these authorities do not justify an instruction setting forth in words and figures an ordinance which has not been proved and which, if proved, is not applicable to the case. The instruction tended to mislead the jury by causing them to believe that the ordinance in question required defendant to stop the hearse within ten feet of the street car. In view of the prominence given to this ordinance upon the trial and in the instructions given, it may have had more influence than any other consideration upon the jury in reaching the verdict.

Assuming that there may be another trial of the case, we have refrained from any discussion of other points argued by counsel based upon the evidence in the case and instructions given and refused which relate particularly to the alleged wanton and wilful negligence of plaintiff and the alleged contributory negligence of the decedent, both of which are questions for the consideration of the jury under proper instructions from the court.

For the errors above indicated, the judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*

BARNES, P. J., and GRIDLEY, J., concur.